ADOLF GOBEL, INC., Respondent, *v.* WILLIAM J. HAMMERSLOUGH and Others, Individually and as General Copartners, Formerly Doing Business under the Firm Name and Style of LEHMAN BROS., and Others, Appellants, and MONROE C. GUTMAN and Others, Defendants.

First Department, November 28, 1941.

*Horace G. Hitchcock* of counsel [*Thomas F. Daly* with him on the brief; *Chadbourne, Wallace, Parke & Whitside*, attorneys for the appellants William J. Hammerslough and others, and *Lord, Day & Lord*, attorneys for the appellant Malcolm B. D. Hunter], for the appellants.

*Leonard B. Frutkin* of counsel [*Benjamin N. Rippe* with him on the brief; *Alfred E. Smith, Jr.*, attorney], for the respondent.

PER CURIAM. This action was commenced in February, 1941, by plaintiff, a stock corporation, against some of its former officers and directors, as well as against members of certain banking firms. In the prayer for relief plaintiff asks to rescind two transactions occurring in 1928 and 1929 involving the exchange of plaintiff's stock for the stock of two other companies, and for an accounting.

The defendants-appellants, who are the officers and directors sued, moved to dismiss the complaint on the ground that the causes of action pleaded were barred by the Statute of Limitations.

It is conceded by both sides that plaintiff's claims would be outlawed unless the gravamen of the action is to recover a judgment for fraud, within the meaning of subdivision 5 of section 48 of the Civil Practice Act.

Affidavits were submitted by both sides on the motion to dismiss. Special Term held that the complaint rested in fraud, and that an issue of fact was raised by the affidavits as to when the discovery of the fraud took place.

We do not agree with the construction placed on the complaint by Special Term. While there are allegations in the complaint of deceit, concealment and misrepresentation by the moving defendants concerning their interest in the stock of the companies to be acquired, these are mainly conclusory in form. In essence, the wrong complained of is a breach of a fiduciary duty by these officers and directors. That damages or an accounting is the real relief sought, rather than rescission, is indicated from the fact that rescission would require the return of stock of companies which have long since been dissolved. We find that the allegations of fraud in the pleadings are plainly incidental to and not the basis of plaintiff's cause of action. To say that the directors " concealed their true interest with intent to deceive," etc., does not alter the fact that the real basis for the complaint is the breach of a fiduciary duty. A cause of action against the officers and directors for the recovery of damages or for an accounting would have been complete without any allegations of fraud.

In order to ascertain whether the action is one coming within subdivision 5 of section 48 of the Civil Practice Act, in so far as the application of the Statute of Limitations is concerned, we look for the reality and the essence of the action and not its mere name. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.) Tested in this manner, we think that the essence of both causes of action set forth in the present complaint is breach of fiduciary duty, and that, therefore, said causes of action were barred by the Statute of Limitations. This decision renders it unnecessary to pass on the question as to whether an issue of fact exists as to the date of discovery of the acts complained of by the plaintiff.

The order, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the motion granted.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and motion granted.