Edward F. Wagner, Suing on Behalf of Himself and All Other Stockholders of Loew's Incorporated Similarly Situated, Appellant, *v.* George N. Armsby and Others, Defendants, Impleaded with David Bernstein and Others, Respondents.

First Department, June 19, 1942.

*Israel Beckhardt* of counsel [*Harold B. Pomeranz* with him on the brief], for the appellant.

*David Katz* of counsel [*Proskauer, Rose & Paskus*, attorneys], for the respondents.

Per Curiam. The gist of the complaint is that the directors used funds of the corporation for their own benefit in settling various stockholders' derivative actions brought against them personally for their own misconduct. Such a cause of action is basically an action for money had and received and not an action for damage to property. The relevant Statute of Limitations is, therefore, the six-year statute. (*Mencher* v. *Richards*, 283 N. Y. 176; *Goldstein* v. *Tri-Continental Corp.*, 282 id. 21; *Potter* v. *Walker*, 276 id. 15; *Dunlop's Sons, Inc.*, v. *Spurr*, 285 id. 333.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendants-respondents to answer within ten days after service of order, on payment of said costs.

Present — Martin, P. J., Townley, Glennon and Dore, JJ.; Dore, J., dissents and votes to affirm.

Dore, J.(dissenting). This complaint in a derivative stockholder's action charges that the funds of the corporation were wrongfully

taken by defendants and disposed of for the use of defendants in the settlement of other prior stockholders' actions against them challenging the legality of their acts and seeking to recover damages for alleged losses sustained.

The cause or causes of action arose more than three years prior to the commencement of this suit and subsequent to September 1, 1936, when the Statute of Limitations for waste was changed from six to three years (Civ. Prac. Act, § 49, subd. 7).

The gravamen of the action and not its form determines the applicable Statute of Limitations. This action would, therefore, appear to be in its essence a charge against defendants for the diversion of corporate moneys, an action for waste or injury to property under subdivision 7 of section 49 of the Civil Practice Act. In *Dunlop's Sons, Inc.*, v. *Spurr* (259 App. Div. 233) the action was characterized by this court as an action at law for money had and received. The *Dunlop* case related to transactions prior to 1936 and it was not important to determine which six-year statute applied as at that time an action for waste was also governed by a six-year statute (Civ. Prac. Act, former § 48, subd. 3). The Court of Appeals affirmed this court in a *per curiam* holding that where the gains received by the directors did not exceed the correlated losses suffered by the corporation, " the Statute of Limitations which controls the remedy at law is to be applied." (285 N. Y. 336.)

In this case, losses are the controlling factor as a matter of law and as a matter of pleading, and the three-year statute should apply. Section 25-a of the General Construction Law defines an injury to property as " an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." The alleged losses to the corporation do not exceed the alleged gains to defendants.

An action for money had and received or for money paid for the benefit of another is founded upon equitable principles. (*Roberts* v. *Ely*, 113 N. Y. 128, 131; *Commercial National Bank* v. *Sloman*, 121 App. Div. 874.) It has been repeatedly held that when a party has a choice of two remedies, one at law and the other in equity, he may not enlarge his time by electing to proceed in equity. (*Potter* v. *Walker*, 276 N. Y. 15; *Hanover Fire Insurance Co.* v. *Morse Dry Dock & Repair Co.*, 270 id. 86.) Applying the doctrine of concurrent remedies, it would seem that where a party has a choice of two remedies, one at law for waste or diversion of corporate assets where the losses to the corporation are exactly correlated to the alleged gains to the directors, and the other legal in form but equitable in nature, he should not be permitted to enlarge his time by electing to proceed under a form of action in which

courts of law enforce equitable obligations. Assuming plaintiff can establish a cause of action on the facts alleged, the corporation would receive by way of repayment the exact amount that it lost when the funds were allegedly wrongfully paid out. The cause of action at law for waste is entirely adequate. In *Loughman* v. *Town of Pelham* (126 F. [2d] 714, 719) the court (per SWAN, C. J.) said: " In the case at bar the gist of the action is conversion, even though the form is assumpsit for money received. The plaintiff has suffered but a single wrong for which there can be but one recovery and one satisfaction. The Statute of Limitations is a statute of repose. It may at times bar the assertion of a just claim, but the Legislature has found that such occasional hardship is outweighed by the advantage of outlawing claims which a plaintiff has allowed to become stale. In the light of this policy as exemplified in the decisions we believe the law of New York to be that if the Statute of Limitations has run against an action sounding in tort for conversion, the plaintiff is also barred from bringing an action sounding in assumpsit based on a subsequent sale of the converted property."

Exhibit A annexed to the complaint also shows that three of the persons named as defendants became directors after the payments alleged were made. Such defendants could not be liable on any theory of money had and received.

The order appealed from should be affirmed.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with leave to the defendants-respondents to answer within ten days after service of order, on payment of said costs.