LOLA M. GOTTFRIED, Individually and as Trustee, et al., in Behalf of Themselves and All Other Stockholders of GOTTFRIED BAKING CO., INC., Respondents, *v.* BENJAMIN GOTTFRIED et al., Appellants, et al., Defendants.

First Department, June 15, 1945.

414

*Herbert Plaut* of counsel (*M. B. Pfeffer* with him on the brief; *Scribner & Miller,* attorneys), for appellants.

*Lester R. Bachner* of counsel (*Koenig & Bachner,* attorneys), for respondents.

CALLAHAN, J. In this stockholders' derivative action defendants have attacked the complaint on three grounds, viz.: (1) that

plaintiffs do not have the legal capacity to sue; (2) that the claims sued on have been released; and (3) that some of the causes of action are barred by the Statute of Limitations.

We affirm the denial by Special Term of the relief sought under the first two branches of the motion. We find that there are preliminary issues of fact required to be disposed of before the legal questions raised upon these branches of the motion may be determined.

We deem, however, that the remaining branch of the motion involving the claim that certain subdivisions of the Third, Fourth and Sixth causes of action are barred by the Statute of Limitations, may in large part be disposed of at this time, and upon the present record.

The complaint sets forth ten causes of action. The Third, Fourth and Sixth causes are subdivided so that numerous separate transactions are alleged therein, each designated by a distinguishing letter.

Defendants moved to dismiss the following designated causes of action as barred by the Statute of Limitations:

Third, paragraphs B(1)–B(9); paragraphs C(1)–C(8), insofar as they relate to a transaction concerning $8,838.61; paragraphs D(1)–D(15); paragraphs E(1)–E(4); paragraphs F(1)–F(2); paragraphs H(1)–H(6); paragraphs I(1)–I(6).

Fourth, paragraphs A(1)–A(6); paragraphs B(1)–B(6); paragraphs D(1)–D(8); paragraphs E(1)–E(7); paragraphs F(1)–F(6); paragraphs G(1)–G(6); paragraphs I(1)–I(7); paragraphs J(1)–J(7); paragraphs K(1)–K(8); paragraphs O(1)–O(5).

Sixth, paragraphs A(1)–A(7); paragraphs B(1)–B(4).

In outline, the transactions attacked by defendants as barred by the Statute of Limitations, consist of complaints such as: that the defendant directors and officers wrote off as worthless claims owned by the corporation which in fact were collectible; that they used corporate funds to pay the debts of, or to settle claims against, the individual defendants, or corporations controlled by them; that they caused the cancelation of a lease, an asset of the corporation, or the payment of corporate moneys as gifts or without adequate consideration, or the loan or advancement of corporate moneys without attempting to collect same; that they voted salaries for which no services had been rendered to the corporation, or the payment of dividends to persons not owners of stock of the corporation. Some of the

defendants, but not all of them, are directors, officers and stockholders. As to some of the claims plaintiffs allege that one or more of the defendant directors directly or indirectly profited by the transactions; as to others it is merely charged that they breached their fiduciary duty as directors or were guilty of negligence.

The moving defendants contend that, as these causes of action are based on events occurring more than three years before the commencement of this suit, and as they set forth claims of waste or injury to property, they are barred by the three-year Statute of Limitations found in subdivision 8 of section 48 and (by reference) subdivision 7 of section 49 of the Civil Practice Act. Plaintiffs' contention, on the other hand, is either that the transactions attacked are controlled by a six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 1) in that they are for money had and received; by a like limitation applicable under subdivision 5 of section 48, in that they are actions for fraud; or lastly, that, in some instances, as an accounting is sought, the general equitable ten-year Statute of Limitations found in section 53 of the Civil Practice Act applies.

The contention that some of the causes of action are controlled by subdivision 5 of section 48, may be summarily disposed of by the statement that it is quite clear from the pleading, and under the authorities, that none of the transactions attacked constitute causes of action based on actual fraud. (See *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *Teich* v. *Lawrence*, 291 N. Y. 245; *Gobel, Inc.*, v. *Hammerslough*, 263 App. Div. 1, affd. 288 N. Y. 653.)

The further contention that some of the causes of action are controlled by the general equitable ten-year Statute of Limitations may likewise be readily disposed of. In the first place as to defendant directors, subdivision 8 of section 48 of the Civil Practice Act, added by chapter 851 of the Laws of 1942, has eliminated any ten-year statute where an accounting is sought in an action of this nature, and has substituted six or three-year statutes, the latter period being applicable when the accounting relates to a claim of waste or injury to property. We shall discuss subdivision 8 of section 48 in detail later. Furthermore, even as to the defendants who are not officers, directors or stockholders, it is clear that the amount of gains, if any, obtained from the transactions complained of (with a single exception noted below), did not exceed the corelated corporate losses.

Therefore, the ten-year statute applicable to actions for accounting would not control, but rather the statute applicable to such adequate legal remedy as would be available to the corporation represented. (*Dunlop's Sons, Inc.,* v. *Spurr,* 285 N. Y. 333.)

Of the nineteen transactions attacked, there seems but one as to which the corporation represented would not have an adequate remedy at law. That exception is the transaction set forth in paragraphs designated H(1) to H(6) of the third cause of action. The complaint, as to this transaction, states that in 1939 Benjamin Gottfried caused the Gottfried Company (the corporation represented) to advance to defendant Kilroy various sums of money for the purpose of making an investment for the corporation, which moneys were treated by the parties as a loan, thus depriving the corporation of the profits of a subsequent sale of property purchased with the funds.

It may well be that the gravamen of this claim is one for an accounting to trace the corporate funds invested and the profits derived therefrom, and under such circumstances an equitable action for accounting would afford the only adequate remedy available to the corporation represented. This cause of action does not appear to be one solely for an accounting in connection with a claim of waste, or for an injury to property, therefore the six-year statute found in subdivision 8 of section 48 of the Civil Practice Act would seem to apply to the defendant Benjamin Gottfried, a director. The general equitable Statute of Limitations of ten years found in section 53 of the Civil Practice Act would apply as to defendant Kilroy, who does not appear to be a director, officer or stockholder.

As to each of the remaining causes of action attacked, it becomes necessary to consider whether the claim is one for money had and received, as to which a six-year statute would apply, or one for waste or injury to property, as to which a three-year statute applies.

Money had and received is a form of remedy resting on the theory of implied contract. It arises upon " * * * an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which *ex æquo et bono* belongs to another. * * *." (*Miller* v. *Schloss.* 218 N. Y. 400, 407.) Where credit has been obtained it may be the equivalent of money, and if the

property is taken and converted into money, it is deemed a like equivalent; but, if neither money nor its equivalent has been received by defendant, the action will not lie. (*Brundage* v. *Village of Port Chester,* 102 N. Y. 494.)

A corporate officer who applies the funds of the corporation to purposes beyond the scope of his authority is guilty of conversion, and the corporation may maintain an action for money had and received against the recipient as well as any person who participates in the tort and accepts its fruits. (*Quintal* v. *Kellner,* 264 N. Y. 32, 36.) The case last cited was one brought by trustees in bankruptcy of a corporation to recover moneys paid by corporate officers in discharge of their personal obligations. Accordingly, in that case, it became necessary to determine whether mere possession or title was transferred, for the trustees could avoid a transfer of title only where a creditor of the bankrupt might have avoided it and there was no proof of circumstances under which a creditor would have had that right. It was held that as the facts pleaded indicated prima facie, a transfer of title and not a conversion, disaffirmance of the transaction was required to be alleged. But the court was careful to point out that in an action on behalf of a corporation by a stockholder who had not acquiesced in the transfer, the plaintiff would be in a position to seek relief without alleging disaffirmance, at least as to any misappropriation of assets by an officer to his own use, which would be a void transaction incapable of being authorized or ratified by a majority vote of the stockholders.

The foregoing authorities will indicate some of the tests to be applied in determining whether an action is for money had and received.

As there have been several recent statutory changes affecting the period of limitations in this class of actions, it may also be well to review these changes before proceedings with our inquiry as to whether money had and received is an available remedy.

Prior to 1936 subdivision 3 of section 48 of the Civil Practice Act had provided a six-year Statute of Limitations applicable to actions for injury to property, or a personal injury, except in a case where a different remedy was otherwise expressly made applicable. Subdivision 6 of section 49 of the Civil Practice Act, as it stood at that time, provided that a three-year statute was to be applied to actions for personal injuries resulting from negligence.

By chapter 558 of the Laws of 1936 the words " an injury to property, or " were deleted from subdivision 3 of section 48 of the Civil Practice Act and transposed into subdivision 6 of section 49 of the Civil Practice Act. By the same chapter subdivision 7 of section 49 was added providing a three-year limitation for actions to recover damages for injury to property. The effect of these changes was to reduce from six to three years the Statute of Limitations controlling actions to recover damages for injury to property, except as to cases where a different period was especially prescribed by law.

Thereafter, and in 1942, section 48 of the Civil Practice Act was amended by adding a new subdivision known as subdivision 8. Section 48 enumerates generally actions which are required to be commenced within six years.

Subdivision 8 included in that enumeration: " 8. An action, legal or equitable, by or on behalf of a corporation against a director, officer or stockholder, or a former director, officer or stockholder, if such action is for an accounting, or to procure judgment on the ground of fraud, or to recover a penalty or forfeiture imposed or to enforce a liability created by common law or by statute *unless such action is one to recover damages for waste or for an injury to property or for an accounting in connection therewith in which case such action shall be subject to the provisions of subdivision seven of section forty-nine.*" (Emphasis supplied.)

Subdivision 7 of section 49 provides a three-year Statute of Limitations in actions to recover damages for injury to property.

The new subdivision 8 of section 48 for the first time provides periods of limitation applicable only to actions " by or on behalf of a corporation against a director, officer or stockholder ".

The 1942 amendment to section 48 was adopted by the Legislature after the Law Revision Commission had made certain recommendations on the subject of revising the Statute of Limitations applicable to stockholders' derivative actions. (N. Y. Legis. Doc., 1942, Vol. 12, No. 65 [E].)

In its report the Commission, after pointing out that the legal causes of action applicable to that class of litigation are usually divided between those for injury to property and those for money had and received, made the following observations as to the state of the law and purpose of the Commission: " Prior to 1936 the six-year statute was applicable to causes of action of **both types (except for negligent injury to property). (It is**

still applicable to actions for non-negligent injury to property accruing prior to September 1, 1936.) During the long period when the ten-year statute was held generally applicable to stockholders' derivative actions, there was usually no occasion to distinguish cases coming under the contract provision from those coming under the injury to property provision. The decisions since *Potter* v. *Walker*, have dealt, without exceptions significant for the purposes of this distinction, with cases in which the cause of action accrued prior to 1936, and again there was no reason for exact classification, the six-year statute being applied both to the contract and injury to property actions. The opinions would seem to indicate, however, that stockholders' derivative actions, not equitable in character, are to be classed as actions for injury to property. The distinction between actions for injury to property and actions for money had and received, now made necessary for actions accruing since 1936, may present additional difficulty in some cases, even omitting for the moment the difficulty in distinguishing actions for an exclusively equitable remedy from actions for money had and received.''

It may be noted that whereas the recommendation of the Law Revision Commission was to amend the Statute of Limitations so as to make the period applicable rest on the type of activity carried on by the director rather than the form of remedy chosen, a comparison of the bill finally adopted with that recommended by the Commission indicates quite clearly that the Legislature did not follow the Commission's suggestion in this regard. Subdivision 8 of section 48 as adopted divides derivative actions into two groups: (1) the general class or group to which a six-year statute is to be applied, which includes all such suits other than those for waste or injury to corporate property; and (2) the class or group excepted, i.e. actions for waste or injury to property, as to which a three-year statute is made applicable. Under the new subdivision 8, equitable actions for an accounting against directors, officers or stockholders are controlled by a six-year statute, except that if the accounting is sought in connection with a claim for waste or injury to property, the limitation is three years.

From all of the foregoing, it would appear that the amendment effected by the new subdivision 8 of section 48 of the Civil Practice Act, was not intended to deprive a plaintiff in a derivative action from proceeding by action for money had and received

in a proper case. The note of the Revision Commission above quoted assumes that such a right of action would continue to exist. It refers to the difficulty of distinguishing between actions for money had and received and actions for waste, as if that difficulty would persist even after the proposed amendment became effective. It is that difficulty with which we are now faced.

It is the general rule that in " applying the Statute of Limitations we look for the reality and the essence of the action and not its mere name ". (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259, 264, *supra*.) A plaintiff may not extend the period of limitation by suing in equity for an accounting where there is an adequate legal remedy, nor may he do so by merely stating in his complaint nonessential allegations relating to a legal cause of action as to which a longer period of limitation would apply than that applicable to the legal claim which is the gist or gravamen of his suit. (*Brick* v. *Cohn-Hall-Marx Co.*, *supra*.) These rules would not, however, prevent a plaintiff who has two concurrent remedies at law, either of which would be equally available, considering the real basis of his claim, from proceeding in one form of action rather than in the other.

As was said in Wood on Limitations (§ 57b), page 203: " * * * Where the complaint will support an action in form either *ex contractu* or *ex delicto*, and the former is not barred, relief will not be denied, though the action would be barred if treated as in form *ex delicto*. * * * ."

The cases decided prior to the amendment of 1942 held that, where the right of the corporation represented to proceed in an action for money had and received against directors benefiting from the receipt of corporate money exists, the plaintiff in a derivative action may so proceed rather than sue for waste and negligent injury to property.

In *Potter* v. *Walker* (276 N. Y. 15) the fourth cause of action involved alleged negligence against the defendant directors in approving a gift of certain money to a fellow director, one Stewart. It was held that as to Stewart, who received the money, the action was properly for money had and received, while, as to the remaining directors, the Statute of Limitations applicable to negligent injury to property applied for the reason that none of them had been said to have profited by the gift.

At the time the action in *Potter* v. *Walker* (*supra*) was commenced the six-year statute applied to actions both for money

had and received and for negligent injury to property. In deciding that case the courts made a distinction which indicated that a remedy for money had and received would lie against the person receiving the money, whereas the remedy was for negligent injury to property as to those directors who had not received it. (See, also, *Potter* v. *Walker,* 252 App. Div. 244.)

In cases decided by this court since the statutory changes have made a matter of moment the distinction between actions for money had and received and for waste or injury to property, we have uniformly applied the rule herein indicated.

In *Corash* v. *Texas Co.* (264 App. Div. 292) the action was by a stockholder of a subsidiary corporation to recover in its behalf and in behalf of the parent company, from various directors and officers damages growing out of the transfer of certain oil and mineral rights as well as for rescission.

In *Austin* v. *Gardiner* (267 App. Div. 863) the suit was by a stockholder of a subsidiary corporation against the parent company, its officers and directors for excessive charges made by the parent company to another wholly owned subsidiary. There was a further cause of action for damages for the purchase of bonds of the represented company by the parent company at less than their face value.

It is evident that neither of these cases involved the essential elements of a claim for money had and received and they were held to be actions for waste or injury to property and controlled by the three-year Statute of Limitations.

On the other hand, in *Wagner* v. *Armsby* (264 App. Div. 379), the action was to recover corporate moneys which it was alleged the defendant directors caused to be paid out to settle prior derivative actions brought against them. We held that the cause of action was for money had and received as the defendants had taken corporate moneys and applied them to their own use. The six-year statute was held applicable.

We think that the distinction is sufficiently illustrated by these cases.

Of course, the causes of action set forth in such cases as *Potter* v. *Walker* (*supra*) and *Wagner* v. *Armsby* (*supra*) also involved to some degree claims of waste of corporate funds, as do all causes of action against directors for misuse of corporate moneys or property, whether or not the directors receive personal benefit. But the holdings are clear, nevertheless, that as to a corporate fiduciary who appropriates, and as to all who receive the use or benefit of, such corporate money, the gist of

the action is for money had and received, and the six-year Statute of Limitations applies.

Appellant contends that our decision in *Wagner* v. *Armsby* (*supra*) is no longer controlling because it was rendered prior to the effective date of the amendment of section 48, adopted in 1942, and was decided on the basis of the earlier statute. As we have already pointed out, we find no reason for construing the new statute to alter the right of a plaintiff in a derivative suit to proceed against a director for money had and received where the facts warrant such relief.

Tested by the rules indicated in the foregoing, we find that the subdivisions of the cause of action designated Fourth A(1) to A(6), E(1) to E(7), and O(1) to O(5) are insufficient to support a recovery for money had and received, even as to the defendant Benjamin Gottfried, the only director defendant claimed to have profited thereby. These subdivisions of the complaint do not allege conversion. They at most allege that this defendant, in some undefined manner, might be benefited from the transactions complained of, because he had had other business relations with the recipient of the money. This is insufficient to constitute money had and received.

The subdivisions Third D(1)–D(15) and I(1)–I(6) are based on transactions alleged to have benefited Rachel Realty Company of which Benjamin Gottfried was a stockholder. In order to show that there was any money had and received by Benjamin Gottfried the corporate veil would have to be pierced, and we fail to find that any cause of action for money had and received is alleged.

These subdivisions of said causes of action would, therefore, be barred by the three-year Statute of Limitations as to director defendants, as, at most, they allege waste of corporate funds as to them. The motion to dismiss them should have been granted as to such defendants, including Benjamin Gottfried.

As to subdivisions B(1) to B(6), G(1) to G(6), I(1) to I(7), J(1) to J(7) and K(1) to K(8) of the Fourth cause of action, it is difficult to tell from the present record when they accrued. The order must be presently affirmed as to them as well as to subdivisions Third H(1) to H(6) (the equitable causes of action above referred to).

Further applying the views heretofore indicated, we consider that the causes of action attacked herein, where the facts are sufficiently alleged, may, as to the moving defendants, be classified for the purpose of the Statute of Limitations, as follows:

| Cause of Action | Nature Thereof | Period of Limitation |
|---|---|---|
| **Third** | | |
| B(1)–B(9) | Waste except as to the $500 alleged to have been paid by the corporation for Benjamin Gottfried | Three years as to all except Benjamin Gottfried in the sum of $500. |
| C(1)–C(8) as to ($8,838.61) | Waste as to all moving defendants except Benjamin Gottfried | Three years as to all except Benjamin Gottfried |
| D(1)–D(15) | Waste | Three years |
| E(1)–E(4) | Waste as to all moving defendants except Benjamin Gottfried and John J. Kilroy | Three years as to all except Benjamin Gottfried and John J. Kilroy |
| F(1)–F(2) | Waste as to all moving defendants except Benjamin Gottfried | Three years as to all except Benjamin Gottfried |
| H(1)–H(6) | Accounting | Six-year statute except as to Kilroy. |
| **Fourth** | | |
| A(1)–A(6) | Waste | Three years |
| D(1)–D(8) | Waste as to all moving defendants except Benjamin Gottfried | Three years as to all except Benjamin Gottfried |
| E(1)–E(7) | Waste as to all moving defendants except John J. Kilroy | Three years as to all except John J. Kilroy |
| F(1)–F(6) | Waste as to all moving defendants except Benjamin Gottfried and John J. Kilroy | Three years as to all except Benjamin Gottfried and John J. Kilroy |
| O(1)–O(5) | Waste | Three years |
| **Sixth** | | |
| A(1)–A(7) | Waste | Three years |
| B(1)–B(4) | Waste as to all moving defendants except Rachel Gottfried (estate) | Three years as to all except Rachel Gottfried (estate) |

In the list immediately above, "waste" is used to include claims of negligence or injury to property. In every case in

that list where the three-year statute is not held applicable (except in the case of the defendant Kilroy with respect to the transaction set forth in paragraphs third H(1)–H(6) where the ten-year statute applies), a six-year statute would apply if facts are proven to establish a cause of action for money had and received.

Where the motion to dismiss is denied because facts to support a cause of action for money had and received are found to be sufficiently alleged, defendants may plead the three-year Statute of Limitations by answer if they dispute the facts upon which the claim for money had and received rests. Upon the trial, when the factual issues are determined, the principles indicated herein may be applied.

The claim of plaintiffs that the motion to dismiss was not timely made is overruled.

The order appealed from should be modified in accordance with this opinion, and as so modified affirmed, with $20 costs and disbursements to the defendants-appellants, with leave to the defendants-appellants to answer the amended complaint within twenty days after entry of order.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously modified in accordance with opinion, and as so modified affirmed, with $20 costs and disbursements to the defendants-appellants, with leave to the defendants-appellants to answer the amended complaint within twenty days after entry of order. Settle order on notice.