FRANK A. PURDY, Suing for Himself and for All Others Similarly Situated, as Holders of Preferred Capital Stock of Financial Institutions, Incorporated, Plaintiff, v. WOLCOTT J. HUMPHREY, Individually and as Director and President of Financial Institutions, Incorporated, et al., Defendants.

Supreme Court, Special Term, Allegany County, July 16, 1947.

*Elijah W. Holt* for plaintiff.

*James McC. Mitchell* and *J. Clement Johnston* for Wolcott J. Humphrey and another, defendants.

*Albert J. Waterman* for W. J. Peckham and others, defendants.

*Harry M. Brown* for Financial Institutions, Inc., defendant.

BATT, J.   This is a motion under rules 106 and 107 of the Rules of Civil Practice to dismiss each cause of action alleged in the third amended complaint herein on the following grounds as to the defendants Wolcott J. Humphrey and Edwin R. Gott:

(a) The cause of action did not accrue within the time limited by law for the commencement of an action thereon.

(b) It does not appear that the plaintiff was a stockholder at the time of the transaction or transactions complained of or that his stock thereafter devolved upon him by operation of law; and in addition that the first, sixth, seventh and eighth causes of action do not state facts sufficient to constitute a cause of action respectively and as to the sixth and seventh causes of action, that the plaintiff has not legal capacity to sue.

The motion is made on behalf of the remaining defendants on the grounds specified in (a) and first sentence of (b) above and in addition that the first, second, third, fourth, sixth, seventh and eighth causes of action do not state facts sufficient to constitute a cause of action respectively against said defendants; also for the dismissal of the first cause of action against the defendants Bevins and Julia D. Humphrey on the ground that it appears on the face of the complaint that said defendants did not become directors of the defendant corporation until after the payment of dividends during the years 1931, 1932 and 1933, and as to the fifth cause of action, the dismissal of so much thereof as pertains to transactions prior to the time said defendants became directors; also for the dismissal on behalf of the defendants Peckham, Earl B. Hubbard, Julia D. Humphrey and Bevins of the second and third causes of action and so much of the fourth cause of action as pertains to transactions alleged to have occurred prior to the time said defendants became directors, and further on behalf of the said defendants, that as to the sixth and seventh causes of action, the plaintiff has not legal capacity to sue.

This is a stockholders' derivative action under subdivision 2 of section 60 of the General Corporation Law to compel the defendants '' to pay to the corporation   *   *   *   any money and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or other violation of their duties.''

The action was begun by the service of a copy of the summons and complaint on the defendant, Wolcott J. Humphrey on January 6, 1944.

Defendants' motion to dismiss the complaint under subdivision 6 of rule 107 on the ground that the Statute of Limitations has run against the cause of action is proper (*First Nat. Bank of Genoa* v. *American Surety Co.*, 239 App. Div. 282; *Califano* v.

*Citizens Ins. Co. of New Jersey,* 163 Misc. 542, affd. 252 App. Div. 731).

The defendant, Financial Institutions, Incorporated, was incorporated on September 14, 1931.

The third amended complaint alleges that the defendants Gott and Wolcott J. Humphrey conceived a fraudulent plan to incorporate, control and operate the said defendant corporation in their individual interest and in the interest of corporations in which they were stockholders and in pursuance of said plan, procured the defendant corporation to sell most of its preferred stock for which it received the sum of $843,400.

The first cause of action alleges illegal payments of dividends amounting to $102,643.83, not out of earnings, but out of principal received from the sale of its preferred stock. It is alleged that the dividends were declared for the purpose of deceiving the preferred stockholders to hold or buy the stock of the defendant corporation upon the belief that the same was a safe and dividend-paying investment; that said dividends were paid in 1931, 1932, 1933 and 1937.

The second cause of action alleges a loan of $10,000 by the corporation to defendant, Wolcott J. Humphrey on September 17, 1931.

The third cause of action alleges purchase of notes from and loans to members of the family of the defendant, Wolcott J. Humphrey, totaling $107,800 upon which there remains unpaid the sum of $50,000. That said purchases and loans were made in 1932 and on May 31, 1933.

The fourth cause of action alleges the purchase at greatly excessive prices of stocks in banks in which the defendants Gott and Wolcott J. Humphrey were officers and stockholders, or of banks of which they desired to obtain control; also the stock of said defendants in the Wyoming County National Bank when the same was alleged to be insolvent. Said stocks are alleged to have been purchased on the following dates:

(1) Wyoming County National Bank between September 17, 1931, and June 9, 1932, from divers owners, $195,930. (Part of this stock is alleged to have been owned by Gott and Wolcott J. Humphrey.)

(2) First National Bank of Arcade between February 18, 1932, and July 29, 1932, $89,687.

(3) Genesee Securities Corporation on February 7, 1932, $5,000.

(4) Castile Investors between November 26, 1932, and January 30, 1933, $10,000.

(5) Silver Springs Shareholders, Inc., on November 11, 1933, $3,000.

(6) Seneca Falls Shareholders on June 30, 1934, $90,000.

(7) Bliss National Bank between December 26, 1933, and January 14, 1936, $1,875.

(8) National Bank of Wyoming between September 17, 1931, and January 21, 1937, $3,960.

(9) Geneva Shareholders, Inc., between February 3, 1930, and June 27, 1940, $90,000.

(10) Wyoming County Bank & Trust Company between January 2, 1937, and February 11, 1939, $90,000.

(11) Pavilion State Bank, January 23, 1939, $11,960.

The fifth cause of action alleges donations totaling $477,000 to banks in which stock had been acquired as aforesaid to control them, on the following dates: February 18, 1931, Wyoming County National Bank $350,000; February 18, 1933, First National Bank of Arcade $17,000; October 26, 1932, First National Bank of Arcade $10,000; March 28, 1934, Trust Company of Wyoming $100,000.

The sixth cause of action seeks the removal of the directors and officers of the defendant corporation.

The seventh cause of action requests the appointment of a receiver.

The eighth cause of action alleges that the acts alleged in the first five causes of action of which it is claimed the plaintiff had no knowledge until the time of the commencement of the action and the subsequent concurrence therein by all of the defendants as claimed constitutes actual fraud on the part of all of the individual defendants.

It appears that the individual defendants became directors and officers of the corporate defendant upon the following dates: Wolcott J. Humphrey, director and president, September 14, 1931; Edwin R. Gott, director and vice-president, September 14, 1931; Thomas P. Bevins, director, April 17, 1935; Julia D. Humphrey, director, April 15, 1936; Earl B. Hubbard, director and treasurer, April 21, 1937 to April 17, 1946, and still is the treasurer.

Walter J. Peckham never has been a director but has been secretary since September 17, 1931.

The plaintiff claims that the defendants Wolcott J. Humphrey and Gott conceived a fraudulent plan to incorporate the defendant corporation for their own gain and profit. That in order to induce purchasers of stock to believe that the business was a

profitable one, dividends were wrongfully declared as alleged in the first cause of action. That the alleged fraudulent acts of Gott and Wolcott J. Humphrey as set forth in the first to the fifth causes of action, inclusive, as part of the original fraudulent plan were concurred in by the other individual defendants in failing to bring action to recover the alleged wrongful payments and in keeping knowledge and intimation thereof from plaintiff, constituted actual fraud committed by said individual defendants.

The plaintiff claims that the Statute of Limitations set forth in subdivision 5 of section 48 of the Civil Practice Act is applicable to the first to fifth and eighth causes of action alleged in the complaint and if that section does not apply, then section 53 of the Civil Practice Act is applicable.

Subdivision 5 of section 48 provides that in an action to procure a judgment on the ground of fraud, the same must be brought within six years, and the cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts constituting the fraud.

Section 53 provides that: " An action, the limitation of which is not specially prescribed in this article, must be commenced within ten years after the cause of action accrues."

The defendants claim that the gravamen of the complaint is not fraud, but is one to recover damages for waste of corporate assets or injury to the property of the corporation.

The defendants claim that all acts of the individual defendants prior to 1936 were governed by the six-year Statute of Limitations as provided in subdivision 3 of section 48 of the Civil Practice Act as it then existed, and were outlawed not later than 1942, and that all acts subsequent to 1936 were governed by the three-year Statute of Limitations as provided in subdivision 7 of section 49 of the Civil Practice Act.

The principle enunciated in *Lever* v. *Guaranty Trust Co. of New York* (262 App. Div. 1044, 1045, affd. 289 N. Y. 615) seems to be applicable to the facts alleged in the instant complaint as follows: " The allegations therein contained do not serve to transform this cause into one the gravamen of which is actual fraud. It is simply a cause of action for breach of duty or neglect, and such cause is complete without the allegations of fraud, which are, therefore, unessential and may not serve to invoke the application of subdivision 5 of section 48 of the Civil Practice Act."

In *Hastings* v. *Byllesby & Co.* (293 N. Y. 404, 411) it was held that even though such allegations of fraud if accepted as

allegations of fact, they. are only incidental to the cause of action against the defendants on the ground that they have disregarded their duty to the corporation.

In *Druckerman* v. *Harbord* (31 N. Y. S. 2d 867, 870) the court said: " In essence the wrong complained of is the breach of fiduciary duty. That such breach was intentional, deliberate, wilful or fraudulent does not make this action (so far as the original wrongs are concerned) one ' to procure a judgment on the ground of fraud ' within the meaning of subdivision 5 of Section 48, Civil Practice Act. The essential character of the action remains the same. Fraud is not the *sine qua non* of recovery in this action. The test of whether fraud is the gravamen of the action is not merely whether fraud has been alleged, but whether ' there would be no injury except for the fraud '. *Glover* v. *National Bank of Commerce in New York,* 156 App. Div. 247, 256, 141 N. Y. S. 409, 416. Here there would have been a good cause of action even though fraud had not been alleged. True, breach of duty by directors has been characterized, and properly so, as conduct in fraud of the corporation and its stockholders. But an action for that breach of duty is not an action to procure a judgment on the ground of fraud within the meaning of the section in question."

In *Gottfried* v. *Gottfried* (269 App. Div. 413) the court held that in actions of this nature, the enactment of subdivision 8 of section 48 of the Civil Practice Act eliminated the ten-year limitation as provided in section 53 of the Civil Practice Act and has substituted six- and three-year statutes, the six-year statute applying to a director who has profited by the transactions as for money had and received, and the three-year statute applying to the directors who did not profit but who could be held only for waste or injury to property.

In *Pollack* v. *Warner Bros. Pictures, Inc.* (266 App. Div. 118, 120) the court said: " The Statute begins to run from the date of the commission of each separate wrongful act alleged in each cause of action regardless of the date of the discovery or of the continuance in control by appellants."

In none of the causes of action from the first to and including the fifth and eighth is it alleged that the defendants, W. J. Peckham, Earl B. Hubbard, Julia D. Humphrey or T. P. Bevins individually profited by any of the transactions alleged therein. The only causes of action in which it is claimed that any of the individual defendants profited is the second which alleges a loan of $10,000 to the defendant, Wolcott J. Humphrey and that

portion of the fourth cause of action which alleges the purchase at excessive prices of the stock of the Wyoming County National Bank from the individual defendants Gott and Wolcott J. Humphrey. The former transaction took place on September 17, 1931, and the latter between September 17, 1931, and June 9, 1932.

The only transactions alleged as part of the fourth cause of action to which the six-year Statute of Limitations might apply are items 9, 10 and 11 covering the purchase of securities in 1940 and 1939. It is not claimed that any of the individual defendants profited personally through those transactions and consequently the three-year statute applies as to them.

Applying the rules laid down in the cases cited above, the six-year statute ran against all the transactions alleged in the first cause of action in 1937, 1938, 1939 and 1943, respectively, assuming that it might be found that any of defendants profited personally through the declaration of the dividends in 1937. The second cause of action outlawed on September 17, 1937, the third not later than May 31, 1939; item 1 of the fourth cause of action as enumerated in this memorandum not later than June 9, 1938; item 2 not later than July 29, 1938; item 3 on February 7, 1938; item 4 not later than January 30, 1939; item 5 on November 11, 1939; item 6 on June 30, 1940; item 7 not later than January 14, 1942; item 8 not later than January 21, 1943; item 9 on February 3, 1936, and June 27, 1943; item 10 not later than February 11, 1942, and item 11 on January 23, 1942. The fifth cause of action was outlawed not later than March 28, 1940. Consequently all of said causes of action were outlawed prior to the commencement of this action on January 6, 1944.

In *Gottfried* v. *Gottfried* (*supra*) it was held that the ten-year Statute of Limitations provided by section 53 of the Civil Practice Act was eliminated by the enactment of subdivision 8 of section 48 and the six- and three-year statutes substituted therefor. That case further held that where gains did not exceed corelated corporate losses, the limitation in an action for an accounting would not control but the statute applicable to such adequate legal remedy as would be available to the corporation applied. (See, also, *Potter* v. *Walker*, 276 N. Y. 15; *Corash* v. *Texas Co.*, 264 App. Div. 292.) There is no allegation in the instant complaint that gains upon any of the alleged transactions in which the defendants or any of them personally participated exceeded the corelated corporate losses.

The plaintiff alleges in his complaint that the defendant, Financial Institutions, Incorporated, was incorporated " as a business corporation and as an investment holding corporation possessing and exercising the functions of a monied corporation." He claimed originally that subdivision 4 of section 49 of the Civil Practice Act providing that a cause of action is not deemed to have accrued until discovery by the plaintiff of the facts under which the liability was created, was applicable. He has abandoned this claim.

It having been determined that the first, to and including the fifth causes of action are outlawed, it becomes unnecessary to determine whether any of said causes of action state facts sufficient to constitute causes of action.

The eighth cause of action is a general allegation of fraud " appurtenant to and as a part of each of said preceding counts, to be considered as allegations of each thereof " and has been disposed of in the determination that the causes of action alleged in said counts are outlawed.

The sixth cause of action for the removal of the officers and directors of the defendant corporation is dismissed. Such an action can be brought only by the Attorney-General (General Corporation Law, §§ 60, 61; *Welcke* v. *Trageser*, 131 App. Div. 731).

The remaining cause of action is the seventh for the appointment of a receiver. The first to fifth and eighth causes of action having been dismissed on the ground that the Statute of Limitations had run against them, it follows that any equitable remedy based thereon is likewise outlawed. " When a legal and an equitable remedy exist as to the same subject-matter, the latter is under the control of the same statutory bar as the former." (2 Carmody on New York Pleading and Practice, § 440; *Keys* v. *Leopold*, 241 N. Y. 189; *Mills* v. *Mills*, 115 N. Y. 80.)

The primary purpose of the action has been determined to be one to recover for waste of corporate assets in violation of directors' fiduciary duties. The prayer for relief seeks " to recover from the individual defendants for the sums for which they may be found respectively liable on account of the causes of action " alleged in the complaint. There are no allegations of threatened acts of mismanagement or waste which the plaintiff seeks to enjoin. There is no allegation that the directors are now acting fraudulently or in bad faith, except that an inference may be drawn that they may be guilty of such acts

in the future based upon past acts, all of which have been found to furnish no basis for action because of the Statute of Limitations. The primary purpose of the action having ceased, a receiver cannot be appointed. That remedy is provisional and cannot be the ultimate object of the action (*Greene v. New York United Hotels, Inc.*, 236 App. Div. 647, affd. 261 N. Y. 698; 53 C. J., Receivers, § 5, p. 21).

It is unfortunate that if the charges of waste and mismanagement as alleged in the complaint are true, that the directors and officers or some of them cannot be removed or a receiver appointed to prevent the possibility of their recurrence. In the absence of precedent or statute permitting, the seventh cause of action as alleged in the complaint cannot be sustained. '' The plea of the statute of limitations is not a technical defense. * * * A statute of limitations has a beneficent purpose. * * * ' At times, it may bar the assertion of a just claim. Then its application causes hardship. The Legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims.' '' (*Turner v. American Metal Co.*, 36 N. Y. S. 2d 356, 379; *Schmidt v. Merchant's Despatch Transp. Co.*, 270 N. Y. 287, 302.)

Motion to dismiss the complaint as against all of the defendants is granted, with motion costs. Inasmuch as the six-year statute may apply to the purchase of stocks mentioned in items 9, 10 and 11 of the fourth cause of action as enumerated herein, in the event that said stocks may have been sold by some of the directors to the defendant corporation for their personal benefit, leave is granted the plaintiff to serve an amended complaint within thirty days after filing and notice of entry of order.

(Supplemental memorandum, October 16, 1947.)

The court having heretofore and on July 16, 1947 (*ante,* p. 309) made its decision in the above-entitled matter and counsel having appeared before me this day on the settlement of the order to be entered thereon, and counsel having consented thereto, the court has decided to modify its decision by striking therefrom the following portion of the last paragraph thereof: '' Inasmuch as the six-year statute may apply to the purchase of stocks mentioned in items 9, 10 and 11 of the fourth cause of action as enumerated herein, in the event that said stocks may have been sold by some of the directors to the defendant corporation for their personal benefit, leave is granted the plaintiff to serve an amended complaint within thirty days after filing and notice of entry of order.''