GERTRUDE DRAKE, Respondent, v. ORVEN R. HESS et al., Appellants.— Order insofar as appealed from reversed on the law, with $10 costs and disbursements, and motion granted as to paragraph No. 1 of the demand, without costs. Memorandum: The defendants are entitled to know the names and addresses of the various persons who had previously been bitten as alleged in paragraphs third and fourth of the complaint in order to make preparation to meet such proof. (See *Robson* v. *Driscoll*, 278 App. Div. 847; 4 Carmody-Wait on New York Practice, § 18, p. 633.) All concur. (Appeal from part of an order denying a motion to require plaintiff to deliver to defendants a bill of particulars as set forth in the motion insofar as it denied demand for bill of particulars contained in paragraph 1.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

BERNARD KLEIN, Appellant, v. CLARA M. FISHER, Respondent.— Judgment affirmed, with costs. Memorandum: The purchase offer and acceptance, apparently prepared by plaintiff, constitutes the only evidence as to his agreement with defendant in this record. We construe this instrument as creating no obligation on the defendant to pay commissions unless the purchasers were ready, able and willing to carry out the terms of the agreement. As of the closing date it is conceded they could not perform. As of the later date when it is claimed by the plaintiff that they were ready to close, there was a failure of proof that the mortgage on the Almond property to be used as part of the purchase price had "a value of $5,400", as required by the purchase offer. In fact the only proof as to the value of that property was that it was assessed for $1,300. There was also a failure of direct proof by Mrs. Van Wuyckhuyse that on the day in June when she attended at the county clerk's office that she had $4,000 to pay over for the first mortgage on defendant's property. Under the facts here shown there was nothing for the trial court to submit to the jury and the nonsuit motion was properly granted. All concur. (Appeal from a judgment dismissing the complaint in an action to recover real estate commissions.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

RONALD FENNER, Respondent, v. OTIS ELEVATOR COMPANY, Appellant. ARTHUR F. SMITH, Respondent, v. OTIS ELEVATOR COMPANY, Appellant. NOBLE LAWRENCE, Respondent, v. OTIS ELEVATOR COMPANY, Appellant. LEWIS A. MEYERS, Respondent, v. OTIS ELEVATOR COMPANY, Appellant.— Order modified on the facts and as a matter of discretion by directing that the actions be tried together and as modified affirmed, without costs of this appeal to any party. All concur. (Appeal from an order denying defendant's motion to consolidate four actions.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

BERNARD LAUGHLIN, as Administrator of the Estate of CLAIRE LAUGHLIN, Deceased, Respondent, v. MRS. ROMEO ROCHON et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order denying defendants' motion to require plaintiff to furnish security for costs, and granting plaintiff's motion to dismiss defendants' affirmative defenses first and second.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.