## (November 26, 1956)

■ ARTHUR J. KING, Appellant, v. TOWN OF OYSTER BAY et al., Respondents, et al., Defendant.— Motion to dismiss appeal from an order entered September 17, 1956 denied, without costs. On the argument of the appeal, the moving party may renew the motion on the grounds that the order of November 5, 1956 had superseded the order of September 17, 1956 and that the appellant could not continue the prosecution of the appeal from the first order (see Civ. Prac. Act, § 562-a). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ GIUSEPPE ALIOTTA, Respondent, v. CARMELO SAMPERISI et al., Appellants.— In an action by a minority stockholder to compel the directors to take proceedings to dissolve appellant corporation and for incidental relief, the appeal is from an order denying appellants' motion to dismiss the amended complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice. Order reversed, without costs, motion granted and amended complaint dismissed. The allegations of the amended complaint are insufficient to establish a cause of action for dissolution. They fail to show that the capital of the corporation was looted by the majority stockholders, or that they are maintaining the corporate existence for some special benefit of their own at the sacrifice of the interest of the minority stockholder (Gross v. Price, 284 App. Div. 964). Neither common law nor statutory authority is shown for removal of the individual appellants as officers and directors, or for according to this minority stockholder, in his personal capacity, a cause of action for waste and for an accounting (General Corporation Law, §§ 60, 61; Matter of Burkin [Katz], 1 N Y 2d 570). In the circumstances, there is no basis for the appointment of a receiver (Purdy v. Humphrey, 192 Misc. 309, affd. 274 App. Div. 841). Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ YAHYA ARYEH, Appellant, v. UNITED STATES FINISHING Co., Respondent.— In an action to recover damages alleged to have been caused by respondent's negligence in measuring, and certifying the measurements of, certain merchandise for export, an order made on reargument, inter alia, dismissed the complaint for insufficiency on its face, with leave to plead over. The appeal is from so much of the order as dismisses the complaint. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [See post, p. 991.]

■ DENNIS DISKIN, an Infant, by His Guardian ad Litem, GILBERT J. DISKIN, et al., Respondents, v. ST. MARTINS ROMAN CATHOLIC CHURCH, Appellant, et al., Defendant.— In an action on behalf of an infant to recover damages for personal injuries alleged to have been sustained when he was attacked and bitten by dogs owned and controlled by appellant and another, and by his father for medical expenses and loss of services, the appeal is from an order insofar as it strikes out items " Fifth ", " Sixth " and " Seventh " from appellant's demand for a bill of particulars. Order modified by striking therefrom " ordered stricken out from the defendant of the said bill of particulars " and by substituting therefor " allowed as to prior attacks of whatever nature ". As so modified, order insofar as appealed from affirmed, without costs. Appellant is entitled to know the dates, places, names and addresses of various persons who had been previously attacked by the dogs, as alleged in the complaint, in order to make preparation to meet such proof. (Robson v. Driscoll, 278 App. Div. 847; Drake v. Hess, 281 App. Div. 1074; 4 Carmody-Wait on New York Practice, § 18, p. 633.) Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.