Per Curiam.

The order should be unanimously reversed on the law, with $10 costs and taxable disbursements to the defendant Grlazer and motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice is granted to the extent that judgment is rendered in favor of the appellant Grlazer against the plaintiff on the second and third causes of action, without costs. Severance of the action against Grlazer shall be provided for in the order and judgment to be entered. The second cause of action alleges a cause of action for breach of contract and is not grounded in fraud. Consequently, it is subject to the provisions of subdivision 1 of section 48 of the Civil Practice Act and not to the provisions of subdivision 5 of section 48. The fraud alleged constitutes, at most, fraud in the performance of the contract. Under such pleadings a cause of action is alleged only for breach of contract. (Brick v. Cohn-Hall-Marx Co., 276 N. Y. 259; Conklin v. Draper, 229 App. Div. 227; Tulloch v. Haselo, 218 App. Div. 313.) The cause of action such as is alleged in the complaint herein arises not upon the discovery of the facts constituting the breach of contract, but upon the happening of the breach itself. (Guild v. Hopkins, 271 App. Div. 234; Varga v. Credit-Suisse, 5 A D 2d 289.)
Even if the cause of action be considered as a cause of action for breach of fiduciary duty, the same result would be reached. (Erbe v. Lincoln Rochester Trust Co., 2 A D 2d 242; Petnel v. American Tel. & Tel. Co., 280 App. Div. 706; Adolf Gobel, Inc. v. *524 Hammer slough, 263 App. Div. 1, 2; Lever v. Guaranty Trust Co. of N. Y., 262 App. Div. 1044, 1045.)
Furthermore, considering all of the pleadings including the reply (Weisman v. Guardian Life Ins. Co. of America, 67 N. Y. S. 2d 604), it is clear that the issues raised in the present action were determined in the prior action and, consequently, the judgment in the prior action is res judicata to the issues raised herein.
As to the third cause of action, it appearing that the allegations attempt to set forth a cause of action for conspiracy among parties having contractual relationships, it must he held that the complaint fails to state facts sufficient to constitute a cause of action. (Saco v. Sommers, 108 N. Y. S. 2d 467; Friedman v. Roseth Corp., 270 App. Div. 988, affid. 297 N. Y. 495; Labow v. Pari-Ti Corp., 272 App. Div. 890.)
Concur — Pette, Hart and Di Glovanna, JJ.
Order reversed, etc.