WELCKE et al. v. TRAGESER et al.

(Supreme Court, Appellate Division, First Department.  April 8, 1909.)

1. CORPORATIONS (§ 294*)—REMOVAL OF DIRECTORS—WHO MAY SUE.
   The suspension or removal of corporate directors can only be had in an action brought for that purpose by the Attorney General, as provided by Code Civ. Proc. §§ 1781, 1782, 1811.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1264; Dec. Dig. § 294.*]

2. CORPORATIONS (§ 320*)—MISCONDUCT OF DIRECTORS—INJUNCTION AND RECEIVER.
   Where corporate directors are acting fraudulently or in bad faith, in their own interests and contrary to the interests of the corporation, a court of equity may at the suit of stockholders restrain threatened acts of mismanagement or waste by the directors, and appoint a receiver of the corporate property to hold and manage the same until an election of new directors.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1438; Dec. Dig. § 320.*]

3. PLEADING (§ 11*)—ALLEGATIONS OF EVIDENCE.
   Where a complaint sets forth matters of evidence, it ceases to conform to the requirements of the Code that it shall contain a concise statement of the facts.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

4. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—CONFUSION OF FACTS AND EVIDENCE.
   Where material facts are charged in the same sentence with allegations of evidence, and they cannot be separated, the entire allegation should be stricken out, with leave to amend by stating the facts only.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1159; Dec. Dig. § 364.*]

5. PLEADING (§ 365*) — MOTION TO STRIKE ALLEGATIONS — QUESTIONS PRESENTED.
   A motion to strike out matter from a pleading as irrelevant is not in the nature of a demurrer, and the sufficiency of the pleading is not presented for determination.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1168; Dec. Dig. § 365.*]

6. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—RELEVANCY OF ALLEGATIONS.
   In an action against a corporation and its directors for an accounting, allegations in the complaint relating to the organization of the corporation and its original division of capital stock; the acquisition of land by the corporation which it still owns, and to a reduction of the capital stock for which no relief is asked; history of the corporation and its presidency; the death and will of the father and mother of the individual parties; the circumstances under which and the purpose for which the individual defendants acquired certain stock of the corporation, and the corporation defendant acquired certain property; the use by the individual defendants of deception and misconduct toward plaintiffs; misrepresentations made to plaintiffs as to corporate property; the refusal of the defendants, individually, to permit expert accountants employed by plaintiffs to make a full examination of the affairs of the corporation;

the inventory of corporate property, and readjustments thereof made by accountants employed by plaintiffs—should be stricken out as irrelevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

7. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—RELEVANCY OF ALLEGATIONS.

In an action by stockholders for an accounting by a corporation and corporate directors, allegations in the complaint that the action is brought by reason of the ownership of certain corporate shares, without mentioning a large number of other shares transferred to plaintiffs by the individual defendants, who claimed the same under an assignment from their mother, which plaintiffs assert was fraudulently obtained, should be stricken out as irrelevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

8. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—RELEVANCY OF ALLEGATIONS.

In an action by stockholders for an accounting by a corporation and individual directors, an allegation as to the total issue of corporate stock and the amount thereof owned by the individual defendants should not be stricken out as irrelevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

9. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—RELEVANCY OF ALLEGATIONS.

In an action by stockholders for an accounting by the corporation and individual directors, allegations relating to the payment of a salary to the mother of the parties as director and president, after she had ceased to be a stockholder or to have the right to draw a salary, and that the individual defendants fraudulently caused an illegal election of directors, should not be stricken out as irrelevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

10. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—RELEVANCY OF ALLEGATIONS.

In an action for an accounting by a corporation and individual directors, allegations as to loss and injury to the value of the corporate property by alterations made in the corporate records with respect to inventories, and that the directors claimed to have paid out in salary and rent to the mother of the parties a specified sum more than they had actually paid, should not be stricken out as irrelevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

11. PLEADING (§ 364*)—STRIKING OUT ALLEGATIONS—RELEVANCY OF ALLEGATIONS.

In an action by stockholders for an accounting by the corporation and its directors, a copy of a part of the will made by the mother of plaintiffs and the individual defendants, respecting her devise of real estate, annexed to the complaint as an exhibit, should be stricken out.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

Appeal from Special Term, New York County.

Action by Adelheid Welcke and others, suing in their own right and on behalf of other stockholders of the John Trageser Steam Copper Works, against William G. Trageser, Albert F. Trageser, Louis G. Hassinger, and the John Trageser Steam Copper Works. From

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an order denying their motion to strike out portions of the complaint, defendants appeal. Reversed.

Argued before INGRAHAM,. LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Robert K. Walton (John S. Parker, on the brief), for appellants.
Joseph H. Hayes, for respondents.

LAUGHLIN, J. The action is brought by plaintiffs, as stockholders in the right of the corporation known as the "John Trageser Steam Copper Works," a domestic corporation, against three individuals who are directors and together constitute the board of directors of the corporation, which is also joined as a party defendant. The relief demanded is (1) an accounting for their official acts and neglect of duty; (2) payment to the company for the value of property which defendants have acquired for themselves, whether by way of exorbitant salaries or otherwise, or transferred, lost, wasted, or misapplied or misused through neglect of or failure to perform their duties; (3) a discovery of all of the property of the corporation, including its books and records; (4) the suspension or removal of the directors; (5) the appointment of a receiver, and an injunction to carry into effect the judgment of the court; and (6) other and further relief "relative to all matters involved herein."

The suspension or removal of the directors could only be had in an action brought by the Attorney General (sections 1781, 1782, 1811, Code Civ. Proc.), but it is competent for a court of equity at the suit of a stockholder to enjoin threatened acts of mismanagement or waste, or to appoint a receiver of the corporate property to hold and manage it until a new election of directors, where it satisfactorily appears that the directors are acting fraudulently or in bad faith and in their own interests and contrary to the plain interests of the corporation, and that such relief is necessary to the protection of the rights of stockholders in the interim (Jacobus v. Diamond Soda Water Mfg. Co., 94 App. Div. 366, 88 N. Y. Supp. 302; Hallenberg v. Greene, 66 App. Div. 590, 73 N. Y. Supp. 403, and cases cited) ; but it is manifest that the appointment of a receiver for such purpose, as distinguished from a receiver of the corporation itself in a proceeding for its dissolution, would be justified only in an extreme case very satisfactorily shown. I assume, therefore, that it is competent for stockholders to bring an action against directors both for an accounting and for the appointment of a receiver, and that any allegations of fact bearing upon the right to relief in either respect are relevant. It is difficult to analyze this voluminous complaint and determine with accuracy which allegations should be permitted to stand and which should be eliminated for the reason that the plaintiffs have combined in the same sentences statements of facts, which might, if other facts were shown, bear upon their right to have a receiver appointed, with the evidence upon which they base the charges; and they have alleged no fact which, upon any theory resting upon principle or precedent, would warrant the court in taking the management of the property and affairs of the corporation out of the hands of the directors. They

have also, to an unnecessary and unwarranted extent, pleaded evidence, and the material allegations of the complaint might well be stated in a few pages, instead of in 30 printed pages. Where evidence is thus extensively and unnecessarily set forth, the pleading ceases to conform to the requirement of the Code that it shall contain a plain and concise statement of the facts and, where the material fact is charged in the same sentence with the evidence and they cannot be separated, the entire allegation should be stricken out, with leave to amend by stating the facts which, if properly pleaded without the evidence, would be pertinent. There are some provisions of the complaint to which objection is made which it is clear may be fully eliminated, and there are many others where the evidence and the material fact are so interwoven that to attempt to separate them and strike out the evidence would render the remaining allegation meaningless.

Of course a motion to strike out matter from a pleading as irrelevant is not the nature of a demurrer, and the sufficiency of the pleading is not presented for adjudication. The court, however, is obliged to examine the pleading with a view to discover the nature of the cause of action or defense attempted to be set forth or interposed, and then to decide whether or not the allegations to which objections are made are irrelevant to such cause of action or defense. As we view this voluminous complaint, there is an attempt to set forth a cause of action in the right of the corporation against its directors for an accounting. The only specific charges, however, which we find with respect to which an accounting is asked are that the defendants have continued to draw large salaries when the business was not profitable, and that in the circumstances the salaries which they have received were excessive, and that they paid a salary to their mother as president after she ceased to have the right to hold the office; but the question as to whether the complaint sufficiently sets forth other facts which would warrant the court in decreeing an accounting against the defendants on any other item is not now presented and is not decided. There are many allegations of the complaint with respect to the purchase of property by the corporation, and with respect to the purchase of capital stock of the corporation by the individual defendants through fraud and duress exercised for the purpose of enabling them to obtain a controlling interest in the corporation, and relating to misstatements by them to the plaintiffs and to the board of taxes and assessments, which, with other appropriate allegations, might have a material bearing on the question of taking the management of the corporation and its affairs out of the hands of the defendants by the appointment of a receiver, but, as already observed, the allegations are wholly insufficient to present a case for such relief, and therefore we think that those allegations should be eliminated from the complaint, which, as we view it, presents a case for an accounting only.

Regarding the complaint, therefore, as for an accounting, the third, fourth, and sixth paragraphs, which relate to the organization of the corporation and to the original division of its capital stock, are wholly immaterial and irrelevant, and should be stricken out. The eighth, ninth, and tenth paragraphs are irrelevant, and should be stricken out.

They relate to the acquisition of land by the company, which it still owns, and to a reduction of the capital stock of the company, for which no relief is asked. The eleventh paragraph relates to the will of the father of the parties and to the devise therein of certain property to their mother. These allegations are irrelevant, and should be stricken out. The standing of the plaintiffs to bring the action is shown by the twelfth paragraph, wherein they set forth the ownership of ten shares of stock each, and no criticism is directed against this paragraph; but the thirteenth unnecessarily asserts that the action is brought by reason of the ownership of those shares, and not on account of 252 other shares transferred to the plaintiffs by the individual defendants who claimed the same under an assignment from their mother, which the plaintiffs assert was fraudulently obtained. Those allegations are irrelevant, and the thirteenth paragraph should be stricken out. The fourteenth and fifteenth paragraphs relate to the history of the corporation and to its presidency, and are irrelevant to the accounting, and should be stricken out.

The seventeenth, eighteenth, and nineteenth paragraphs relate to the death and will of the mother of the parties, and are irrelevant, and should be stricken out. The twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, and twenty-sixth paragraphs contain allegations with respect to the circumstances under which, and the purpose for which, the defendants acquired certain capital stock of the company and the defendant corporation acquired certain property. These are irrelevant for the reasons already assigned, and should be stricken out. The second sentence of the twenty-seventh paragraph states the total issue of the capital stock of the company and the amount thereof owned by the individual defendants. Those allegations cannot be said to be wholly irrelevant, and should stand. The other allegations of that paragraph charge that 252 shares of the capital stock have been transferred of record by the individual defendants to the plaintiffs, which they repudiated. Those allegations are irrelevant, and should be stricken out. The twenty-eighth paragraph contains allegations relating to the payment of a salary to the mother of the parties as director and president of the company, after she had ceased to be a stockholder or to have the right to draw the salary. These allegations are material to the accounting, and should stand. The allegations of the twenty-ninth paragraph are to the effect that the individual defendants fraudulently caused an illegal election of directors to be had, which is immaterial to the accounting, and that paragraph should be stricken out. The thirtieth paragraph relates to certain property owned by the corporation concerning which no relief is asked, and it should be stricken out. The thirty-first paragraph contains no allegation bearing upon the accounting. It, in effect, charges the defendants with deception and misconduct towards the plaintiffs, but it sets forth no loss to the company resulting therefrom, and it should be stricken out. The thirty-fourth and thirty-fifth paragraphs are immaterial to the accounting. They relate to dividends that have been declared out of the surplus earnings, of which no complaint is made, excepting of the motive for the action taken and the manner in which it was consummated. They should be stricken out.

The thirty-sixth paragraph relates to misstatements to the board of taxes and assessments, and the thirty-seventh and fortieth paragraphs relate to misrepresentations made to the plaintiffs with respect to the property of the corporation. For the reasons already stated, these are irrelevant, and should be stricken out. The forty-third paragraph charges in substance that the defendants did not permit expert accountants employed by plaintiffs to have a full examination of the affairs of the company. These allegations are irrelevant to the accounting, and should be stricken out. For the same reason paragraph 44 should be stricken out, which in effect, contains a similar charge. The forty-fifth and forty-sixth paragraphs charge in general terms, in substance, a loss and injury to the value of the corporate property by alterations made in the corporate records with respect to the inventories thereof. These may become material on the accounting, and should stand. The fifty-second paragraph charges that the directors claimed to have paid out in salary and rental to the mother of plaintiffs $2,058.43 more than they have in fact so paid. These allegations may become material on the accounting, and should stand. The fifty-third paragraph relates to the inventory of the company's property and to readjustments thereof made by accountants at the instance of plaintiffs, but no loss or damage to the company is therein charged. These allegations, therefore, should be stricken out. The part of paragraph 42, which is sought to be stricken out, relates to copies of reports made by accountants employed by the plaintiffs and delivered to defendants. They do not seem to be relevant to the accounting, but inasmuch as the fact is charged in other parts of that paragraph, not objected to, that these accountants were employed for that purpose and made and submitted a report, we think the report should stand with the other allegations to which objection has not been made. The part of paragraph 55 to which objection is made relates to the making of false statements by the directors to the plaintiffs and to the board of taxes and assessments with respect to the property of the corporation and its valuation, in consequence of which it is claimed that the company has become subject to criminal prosecution, but no damages are alleged in consequence thereof, and we think the allegations should be stricken out for the reasons already assigned.

Exhibit 1, annexed to the complaint, which defendants desire to have stricken out, is a copy of part of the will of their mother with respect to the devise of her real estate, which we think is immaterial and irrelevant, and should be stricken out.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion to strike out paragraphs 3, 4, 6, 8, 9, 10, 11, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, all excepting second sentence of paragraph 27, paragraphs 29, 30, 31, 34, 35, 36, 37, 40, 43, 44, 53, and all of paragraph 55, including and after the words "not only did the defendant," and Exhibit 1, annexed to the complaint—granted, and with respect to the other paragraphs, denied without costs, and with leave to plaintiffs to serve an amended complaint within 20 days if so advised, on payment of the costs of the action. All concur.