HATTIE LICHTENSTADTER, Individually and as Executrix of ABRAHAM H. LICHTENSTADTER, Deceased, and in Behalf of All Others Similarly Situated Who May Come in and Contribute to this Action, Plaintiff, *v.* LICHTENSTADTER BROS., INC., and Others, Individually and as Officers and Directors De Facto of LICHTENSTADTER BROS., INC., Defendants.

Supreme Court, New York County, October 21, 1927.

Corporations — receiver pendente lite — action to compel defendants to account and for dissolution of corporation and appointment of receiver to distribute property among stockholders — receiver pendente lite cannot be appointed in absence of any allegation in complaint that corporation is insolvent or that insolvency threatens.

In this action to compel defendants to account to defendant corporation and plaintiff and for the dissolution of the corporation and the appointment of a receiver to distribute its property among the stockholders, plaintiff is not entitled to the appointment of a receiver *pendente lite* in the absence of any proof that the corporation is insolvent or that insolvency threatens, particularly where it appears that the most that can be said in plaintiff's favor is that the corporation has been steadily losing money. Furthermore, since the complaint does not comply with the statutes governing actions or proceedings for corporate dissolution, the action cannot result in a dissolution of the corporation; therefore, it must be evident that the business will have to continue under its present management after the trial unless plaintiff is able to substantiate the charges of improper conduct.

MOTION by plaintiff for appointment of receiver *pendente lite.*

Blackwell Bros. [*James Madison Blackwell* of counsel], for the plaintiff.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the defendants.

FRANKENTHALER, J.    The complaint asks (1) that the individual defendants be directed to account to the corporation and plaintiff; (2) that they be enjoined from transferring, squandering and dis-

posing of assets, and (3) that the corporation be dissolved and a receiver appointed to distribute its property among the stockholders. This motion seeks the appointment of a receiver *pendente lite.* An examination of the complaint discloses that it fails to come within or comply with the statutes governing actions or proceedings for corporate dissolution. As those statutes furnish the exclusive remedies for dissolving corporations, no cause of action for that relief is stated. (*Hitch* v. *Hawley,* 132 N. Y. 212; *Osborn* v. *Montelac Park,* 89 Hun, 167; affd., 153 N. Y. 672.) It may be, however, that plaintiff intended to bring the kind of action which is authorized by section 90 of the General Corporation Law. The allegations that the defendants managed the corporate business in a negligent and wasteful manner and in violation of law render it quite likely that the complaint was framed with that section in mind. The court is far from convinced, however, that these charges are well founded. The proof would seem to preponderate in the opposite direction and to indicate that the most that can be said in plaintiff's favor is that the corporation has been steadily losing money. In the absence of satisfactory evidence that the defendants have in any manner been responsible for this condition of affairs it is difficult to see how the appointment of a temporary receiver is calculated to improve matters. As long as the action itself cannot result in a dissolution of the corporation, it must be evident that the business will have to continue under its present management even after the trial unless plaintiff should be able to substantiate the charges of improper conduct which he has made concerning the defendants. Since the papers fail to show clearly any prospect of success on plaintiff's part, there is no justification for the appointment of a temporary receiver. Indeed it is well settled that even where a showing of misconduct and wasteful management is made the court will proceed with great reluctance in exercising its power to appoint a temporary receiver. Ordinarily only insolvency or threatened insolvency will justify the taking of such action. (*Welcke* v. *Trageser, No. 1,* 131 App. Div. 731; *Nobis* v. *Nobis,* 193 id. 218; *Hastings* v. *Tousey,* 121 id. 815.) The corporation here is solvent, and there is little likelihood, even if it should continue to lose money, that its present surplus will be wiped out by the time this action is reached for trial. Motion denied. Order signed.