Aron Steuer, J.
This is a proceeding pursuant to section 25 of the General Corporation Law, to declare invalid an election of directors and officers of two corporations. While the stock ownership in the two corporations is not exactly similar, most *326 of the other facts are common to both and, where there is a difference, it produces no distinction in the legal consequences. So for convenience discussion will be on the basis of one corporation.
It appears that the petitioner and the individual respondents engaged in the business of buying vacant land on Long Island, developing each parcel with a taxpayer, and after varying intervals of operation selling the property. A separate corporation was organized for each venture. Prior to the ventures here involved, there had been several such transactions.
It further appears that, in the two corporations which are involved in this proceeding, the parties entered into agreements providing that all corporate action to be undertaken by directors must be by unanimous vote and that corporate action to be undertaken by stockholders must likewise be by unanimous vote. It was further provided that for a period of 10 years the officers and directors could not be removed except by voluntary resignation. There were further provisions in regard to debts of the corporations owed to stockholders and provision for arbitration of disputes.
Several events arose that led the individual respondents to believe that petitioner was acting unfairly in regard to the conduct of these corporations and a demand was made for arbitration. This was opposed and litigated to the Court of Appeals. The significant feature of that litigation as it affects this application was in regard to the demand to arbitrate whether the premises should be sold. In regard to this, the court held that it was not arbitrable, as the agreement provided that it could only be achieved by unanimous vote of the stockholders (Matter of Katz [Burkin], 283 App. Div. 1092, affd. 308 N. Y. 789).
Respondents never proceeded to arbitrate the other issues but instead gave notice of a special meeting of stockholders for the purpose of electing directors. Petitioner did not attend the meeting. At the meeting an election was held at which respondents voted to replace petitioner as an officer and director with nominees of their own.
It is these elections which are sought to be declared invalid. Some objections on technical points are made but these are not valid. The serious objection is that the act of holding the elections was barred by the agreements. All such agreements are subject to statute and such construction as will effectuate the purpose of the corporate structure. So it is held that they must be construed to maintain the director or officer only so long as he continues to act loyally for the corporation (Fells v. *327 Katz, 256 N. Y. 67). The question then becomes, whether the respondents had the right unilaterally to decide that the petitioner had forfeited his rights under the agreements. It must be quite obvious that they did not. A contrary holding would enable either party to vitiate the agreements on his mere assertion that the other had betrayed the corporate interests.
Just how the matter is to be determined would depend on the circumstances of the particular case. It is quite clear that a determination of the eventual rights cannot be had in a proceeding of this kind (Matter of Bruder & Son, 302 N. Y. 52). On this application it is competent to decide that the purported elections violated the stockholders’ agreements with no established grounds for avoiding them.
Petitioner has asked for extensive relief on this petition embracing several items. However, in a proceeding of this kind, the limit of relief obtainable is defined by the section to either confirming the election or ordering a new election. It is, however, universally held that the refusal to confirm implies that the election may be disaffirmed. And in instances where, as here, no purpose would be served in ordering a new election, the disaffirmance need not be accompanied by such a direction (Matter of Kirshner, 81 N. Y. S. 2d 435).
Motion granted to the extent of adjudging void the elections of April 6, 1955.