Van Voorhis, J.
The question upon this appeal is whether the removal of a director of a corporation for misconduct can be the subject of an action, so as to be arbitrable under section 1448 of the Civil Practice Act. That section provides that controversies “ which may be the subject of an action ” may be submitted to arbitration or contracted to be decided by arbitration. In Matter of Fletcher (237 N. Y. 440), it was decided that “ Arbitrators under the Arbitration Law deal with the same kinds of controversies that are dealt with by the courts ” (Matter of Buffalo & Erie Ry. Co., 250 N. Y. 275, 279). This controversy is not one which is covered by the amendments to section 1448, such as labor disputes, appraisals or questions incidentally arising.
*572 At common law, stockholders have the traditional inherent power to remove a director for cause which is known as “ amotion ” (Matter of Auer v. Dressel, 306 N. Y. 427, 432; Matter of Koch, 257 N. Y. 318, 321-322). The law permits this inherent right to be exercised notwithstanding a contractual obligation to vote for and maintain a man in the directorate, inasmuch as a condition of faithfulness is implied in the contract, and where that is violated the' contract has been broken and consequently is not a bar. Therefore, in cases of misconduct, it is not a breach of such a contract for the stockholders to remove a faithless fiduciary as a director (Fells v. Katz, 256 N. Y. 67). JThis power may only be exercised-by stockholders— controlling a sufficient number of votes required for action, at_ least a majority (Levy v. American Beverage Corp., 265 App. Div. 208), or, where the certificate of incorporation contains the provision permitted by section 9 of the Stock Corporation Law, such number greater than a majority as is therein provided.
The certificates of incorporation of the two corporations here involved require unanimity, therefore the common-law power of removal is not available to either of these present parties since neither one chooses to vote for his own removal. These are two real estate corporations, owned and controlled by Benjamin Burkin and Joseph Katz. Each corporation owns one building. Burkin holds a majority of the outstanding shares in each of these corporations. The contracts pursuant to which these corporations were formed do more than require each of these men to vote their shares so that they and Leonard Burkin shall constitute the board of directors; they also require unanimous vote for the transaction of any and all business in which the vote or consent of stockholders is authorized or required. Thus neither Benjamin Burkin nor Joseph Katz can remove the other even for cause, inasmuch as such action, like all other action to be taken by the stockholders, has to be unanimous. Benintendi v. Kenton Hotel (294 N. Y. 112) has been superseded in this respect by statute (L. 1948, ch. 862; L. 1951, ch. 717, amdg. Stock Corporation Law, §§ 9, 35, 37, 55, 65 and General Corporation Law,' §§ 27, 28, 103). Indeed, Burkin, holding a majority of the outstanding shares, did attempt to oust Katz on the basis of his alleged misconduct, but Katz was restored in a proceeding under section 25 of the General Corporation Law (Matter of Katz [Fulton-Washington Corp.], 2 Misc 2d 325, affd. 1 A D 2d 657).
*573 The contracts on which these corporations were formed contain a clause that 11 The parties hereto do agree that should any arbitrable controversy arise between them by reason of the terms of this agreement, or any other cause, such controversy shall be settled by arbitration as follows: * ® Such a controversy can only be subject to arbitration if it is “ arbitrable ”, and that means that it must be a controversy which might be the subject of an action as required by section 1448 of the Civil Practice Act. This is a proposed arbitration instituted by Katz to oust Burkin as a director for alleged misconduct by him. The Appellate Division, First Department, affirmed by a divided court the denial by Special Term of a motion to restrain this arbitration. The majority opinion recites the history of the litigation between these parties, and of the law pertaining to stockholders’ agreements to perpetuate themselves as directors, citing Clark v. Dodge (269 N. Y. 410). The conclusion reached was that inasmuch as an arbitrable question would have arisen if a director had been removed by sufficient votes of stockholders on a charge of wrongdoing (Matter of Landersman, 280 App. Div. 963; Martocci v. Martocci, 2 Misc 2d 330, affd. 266 App. Div. 840), it should also be true that an arbitrable controversy exists con'cerning whether or not a director should be removed even though he has not been for the reason that the requisite number of votes to remove him has not been obtained. With that conclusion we do not agree. The Supreme Court is bound by the substantive provisions of section 1448 of the Civil Practice Act to restrain applications for arbitration unless the controversy could be the subject of an action.
No resolution has been adopted by the stockholders of these corporations to oust Burkin; this is an endeavor, in the first instance, to have him removed by arbitration. Where stockholders under their traditional common-law power have removed a director before the expiration of his term on the basis that he has been guilty of misconduct, such a procedure is reviewable in court (Matter of Koch, 257 N. Y. 318, supra). Upon the other hand, the court lacks power at the instance of a stockholder to compel the stockholders to do what they would have had power to do, but have not done, in the exercise of this traditional common-law right to remove a director by ‘ ‘ amotion ”. Only the stockholders could do that; the court cannot do it for them. It is true, as has been said, that the stockholders by ‘ ‘ amotion ’ ’ might remove a *574 faithless director notwithstanding an agreement by the stockholders that they shall continue to vote to keep him in office (Fells v. Katz, 256 N. Y. 67, supra). That does not signify, however, that such a person can be removed by the court for misconduct if the stockholders have not acted.
The Appellate Division appears to have felt impelled to hold that arbitration can be maintained, for the very reason that court procedures do not exist to grant that form of relief. Actions may be maintained against directors to restrain or to recover for waste or misappropriation, a proceeding for dissolution may be instituted under section 103 of the General Corporation Law in case of a deadlock, or the Attorney-General may proceed to remove a corporate officer or director pursuant to section 60 of the General Corporation Law. Under section 61 of the General Corporation Law, however, such an action can be brought only by the Attorney-General. The relief here sought by arbitration could be obtained at the instance of stockholders in none of those actions or proceedings. In Jos. H. Carter, Inc., v. Carter (205 Misc. 192, affd. 283 App. Div. 858), it was held that a declaratory judgment action does not lie. Unless this controversy could be the subject of an action, the arbitration sought by Katz must be stayed.
The law is established that although it is competent for a court of equity at the suit of a stockholder to enjoin threatened acts of mismanagement or waste or to appoint a receiver of the corporate property to hold and manage it until a new election of directors, where it satisfactorily appears that the directors are acting fraudulently or in bad faith and in their own interests and contrary to the plain interests of . the corporation, nevertheless “ The suspension or removal of the directors could only be had in an action brought by the Attorney-General ” (Welcke v. Trageser, No. 1, 131 App. Div. 731, 732, per Laughlin, J., followed in Purdy v. Humphrey, 192 Misc. 309, affd. 274 App. Div. 841).
The other litigations between these parties do not decide this issue, and it is unnecessary to analyze them in detail. Matter of Katz (Burkin) (283 App. Div. 1092, affd. without opinion 308 N. Y. 789) held that whether the real property owned by these corporations should have been sold was for the directors and stockholders to decide, and was not within the scope of the arbitration clauses in the two agreements. The question of *575 breach of contractual obligation of the corporations to repay money advanced by Burkin was held to be an arbitrable controversy arising “ by reason of the terms of this agreement That decision does not decide the present issue, nor do any of the other litigations which have been decided between these parties.
The order appealed from should be reversed and the arbitration stayed, with costs in all courts.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ., concur.
Order of the Appellate Division and that of Special Term reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.