Nicholas M. Pette, J.
Application for an order annulling the action of the corporate respondent whereby petitioner was removed as director and one of the individual respondents was elected as his successor. In effect, this is a proceeding under section 25 of the General Corporation Law to review a corporate election.
Respondents move to dismiss the petition on the grounds (1) that petitioner has not legal capacity to bring this proceeding ; (2) that the petition does not state facts sufficient to warrant the relief sought and (3) that the petition on its face shows that the relief sought can be obtained only by a plenary action. On such a motion, the allegations of the petition will be deemed to be true.
The petition alleges that the petitioner was a director of the corporation; that prior to the formation of the corporation, petitioner and the individual respondents agreed orally that no resolution or action of the board of directors or stockholders would be effective unless enacted by unanimous consent; that it was further agreed that petitioner or his designee would be elected as director so long as he or his designee was a stockholder ; that the individual respondents represented to petitioner *739 that the articles of incorporation, the minutes and the by-laws of the corporation amply protected petitioner in this respect.
It is further alleged that on August 13,1956 a notice was sent to all stockholders advising them of a meeting to be held on August 28,1956 to consider whether petitioner should be removed from the office of director, and if so, to elect a successor. Petitioner is not a stockholder and could not attend the meeting, but his wife attended and so did the respondents. A resolution was adopted, though not by unanimous consent, to remove petitioner from the office of director. The respondent Bendes was elected to succeed the petitioner.
It is further alleged that the corporation never adopted bylaws providing for the removal of a director without cause, that petitioner was never served with charges of any kind nor afforded any opportunity to defend himself.
Stockholders have the inherent power to remove directors for cause. (Matter of Koch, 257 N. Y. 318.) In such case, however, there must be ‘£ service of specific charges, adequate notice and full opportunity of meeting the accusations ”. (Matter of Auer v. Dressel, 306 N. Y. 427, 432; see discussion in Abberger v. Kulp, 156 Misc. 210, 212.) If petitioner was illegally removed from the office of director, the election of his successor was likewise illegal. This court has the power in a proceeding under section 25 of the General Corporation Law to disaffirm an election. (Matter of Katz, 2 Misc 2d 325, affd. 1 A D 2d 657.) In that case, petitioner had been replaced as a director and an officer by a nominee elected by respondents. The court set aside the election in a proceeding pursuant to section 25 of the General Corporation Law.
It follows that the petition is sufficient as a matter of pleading and petitioner has standing to bring this proceeding. The motion to dismiss is denied with leave to the respondents to serve an answer within eight days after service of a copy of the order to be entered hereon. Thereafter either party may restore this proceeding to the Special Term, Part I calendar on five days ’ notice.
Submit order.