Walter R. Hart, J.
Petitioner, pursuant to section 25 of the General Corporation Law, moves to declare invalid elections of directors and officers of Radiant Knitting Mills, Inc. Petitioner and respondents Rap and Lederman own equal shares *916 of all the outstanding shares of the corporation. The certificate of incorporation provides in subdivision D of section 6, that “ The unanimous vote or consent of all stockholders shall be necessary for the transaction of any business including amendments to the Certificate of Incorporation or the giving of any consent.” Such provision in the certificate of incorporation is authorized by section 9 of the Stock Corporation Law, as amended.
On April 16, 1959, the stockholders entered into a contract whereby among other things it was mutually agreed that each of them shall be a director of the corporation and that their unanimous consent shall be required on any matter affecting the corporate business. In addition, paragraph 6 of the certificate of incorporation was incorporated into and made part of the agreement.
On November 27,1959, a meeting was held by the three stockholders for the purpose of electing- directors and officers. Raps and Lederman voted for themselves and respondent Rosenblum, a nonstockholder, as directors. Petitioner objected to the votes cast for Rosenblum and voted for himself, Raps and Lederman. The respondents were declared elected as directors. Thereafter the newly elected directors voted themselves into various offices of the corporation. It is these elections which are sought to be set aside.
The respondents assert that the by-laws of the corporation provided that “ The three persons receiving a plurality of votes shall be directors ”; that each director shall have one vote; and that the board of directors need not be stockholders of record. It is further asserted that the by-laws though contradictory of the certificate of incorporation are controlling in the matter of the election of directors. This argument is specious. In Christal v. Perry (275 App. Div. 550, affd. 301 N. Y. 562) the court said at page 558: “ As between the certificate of incorporation and the by-laws, the certificate must control. ‘ The by-laws of course cannot override the statutes and hence if the by-laws conflict with the charter, the charter prevails.’ (1 Cook on Corporations [8th ed.], p. 29; see, also, Parish v. New York Produce Exchange, 60 App. Div. 11, 17, affd. 169 N. Y. 34.) ”
Even if we would not consider the contradiction between the certificate of incorporation and the by-laws, the agreement of the parties would prevail over the by-laws. (Tremsky v. Green. 106 N. Y. S. 2d 572, 575.)
Accordingly the elections of November 27, 1959 are adjudged void and new elections are directed. All other relief sought *917 is denied since in a proceeding of this kind the court has power only to confirm the election or order a new one. (Matter of Katz, 2 Misc 2d 325, affd. 1 A D 2d 657.)
Settle order on notice.