In the Matter of MAX M. SPRINGUT, Appellant, v DON AND BOB RESTAURANTS OF AMERICA, INC., et al., Respondents.

Fourth Department, May 20, 1977

*Glenn F. Litchfield* for appellant.

*Salzman, Salzman, Lipson & Buzard (Gordon Lipson* of counsel), for respondents.

MARSH, P. J. Petitioner-appellant appeals from an order granting respondents' motion to dismiss the petition on the ground that the Statute of Limitations barred the proceeding.

He seeks to have his removal as a director of respondent Don and Bob Restaurants of America, Inc. declared null and void, to set aside the election of the board of directors of respondent, and to be restored as a director of respondent corporation. Petitioner alleges that a special meeting of the shareholders of Don and Bob Restaurants of America, Inc. was called for August 26, 1975. Part of the agenda of the special meeting concerned the removal of petitioner as a director of respondent corporation. A majority of the shareholders at the special meeting removed petitioner as a director "for cause". Petitioner was notified of his removal by the president, Sharlene W. Sloan, in a letter dated September 2, 1975. Attached to the notice of the special meeting were certain specific charges for which reasons petitioner's removal from the board of directors for cause was sought.

The gravamen of petitioner's complaint is that his removal and replacement by respondent Irving Sloan at the subsequently held annual meeting on October 6 violated the express intent and provisions of the shareholders' agreement entered into by all of the shareholders upon the occasion of the formation of respondent corporation on September 30, 1973. The subject agreement between Max M. Springut, petitioner, David Goldstein, Walter Silverman, William R. O'Hara, Robert J. Ciarvella, Sharlene W. Sloan and Anthony J. Bondi required the parties to subscribe to a total of 100 shares of stock with petitioner subscribing to 22½ shares, being the largest individual holding. Each party paid $1,000 per share and in addition loaned the corporation an amount equal to the cost of his share holdings. In addition petitioner alleges that he guaranteed a $100,000 loan obtained by the corporation which was used to facilitate the purchase of the restaurant facilities controlled by Don and Bob Monroe Corporation. The subscribing parties further agreed to elect as directors the seven subscribing shareholders or their designees and further agreed to continue in office the shareholders-directors or their designees at future elections of the board of directors. The agreement further provided for petitioner to serve as treasurer and chairman of the board of directors until the next held annual meeting. Paragraph 10 of the agreement provided that the by-laws of respondent corporation would be prepared and voted upon by the shareholders so as to reflect the contents of the shareholders' agreement. The stock was restricted as to sale with respect to third parties by a prior right of refusal in respondent corporation and the

other stockholders. The corporation was not to issue any unsubscribed or unissued shares except upon the written consent of all of the shareholders to the agreement.

Following the removal of petitioner on August 26, 1975, respondent Irving Sloan was elected to petitioner's place on the board of directors at the annual meeting held on October 6, 1975. Special Term held that the petition was an article 78 proceeding and that the four months' Statute of Limitations provided by CPLR 217 applied. The annual meeting for the election of directors was held on October 6, 1975 and petitioner did not commence his action by order to show cause to set aside the election until March 10, 1976, in excess of five months from the date of the election sought to be reviewed under section 619 of the Business Corporation Law. Section 619 of the Business Corporation Law provides for the summary review of the validity of the elections of directors.

"Upon the petition of any shareholder aggrieved by an election, and upon notice to the persons declared elected thereat, the corporation and such other persons as the court may direct, the supreme court at a special term held within the judicial district where the office of the corporation is located shall forthwith hear the proofs and allegations of the parties, and confirm the election, order a new election, or take such other action as justice may require."

There is persuasive case law holding that the four-month Statute of Limitations applies to the summary Supreme Court review of board of directors' elections. *Matter of Carter v Muscate* (21 AD2d 543) applied the doctrine of laches in ruling that a petition to review the election of a board of directors pursuant to section 619 of the Business Corporation Law was untimely. However, *Matter of Christ v Lake Erie Distrs.* (51 Misc 2d 811, affd without opn 28 AD2d 825) held that the four-month statute applies to the summary review provided by section 619 of the Business Corporation Law. Also, *Matter of Hoe & Co.* (14 Misc 2d 500, affd without opn 285 App Div 927, affd without opn 309 NY 719) applied the four-month period to the summary review of the election of the board of directors. The Court of Appeals' Reporter's notes in *Matter of Hoe & Co. (supra)* refer to the proceeding as having been brought pursuant to article 78 of the old Civil Practice Act and section 25 of the General Corporation Law, the predecessor to section 619 of the Business Corporation Law. We conclude that the four-month Statute of Limitations of CPLR 217 applies to the

review of the election of the board of directors of respondent corporation and that the proceeding to review such election was not timely commenced. Petitioner does not dispute that as a shareholder he had timely notice of the annual meeting, which was dated September 18, 1975, and that the notice specified that the election of the board of directors of Don and Bob Restaurants of America, Inc. would be the number one item upon the agenda.

A determination that the petition to review pursuant to section 619 of the Business Corporation Law is untimely does not dispose of petitioner's complaint that his removal at the meeting of August 26, 1975 was invalid as contrary to the shareholders' agreement. The validity of the removal and the question of the application of the provisions of the shareholders' agreement concerning the rights of shareholders to be retained as directors by the other shareholders are not legal issues reviewable pursuant to the summary proceedings of section 619 of the Business Corporation Law. The removal of a director is not cognizable under section 619 of the Business Corporation Law. Whether a director can be removed before the end of his term of office is a question governed by the certificate of incorporation, the by-laws, applicable shareholder agreements and the Business Corporation Law. Notwithstanding that a shareholders' agreement requires the maintenance in office of a particular director designated by a stockholder, that director may be removed for cause. Shareholders have an inherent right to remove a director for cause, for implicit in any agreement to maintain a particular director in office is that director's duty to fulfill faithfully the requirements of his office. If a director is faithless to the duties of his office, he may be removed for cause, notwithstanding a shareholders' agreement to maintain him in office.

"Therefore, in cases of misconduct, it is not a breach of such a contract for the stockholders to remove a faithless fiduciary as a director * * *. This power may only be exercised by stockholders controlling a sufficient number of votes required for action, at least a majority * * * or, where the certificate of incorporation contains the provision permitted by section 9 of the Stock Corporation Law, such number greater than a majority as is therein provided." *(Matter of Burkin [Katz]*, 1 NY2d 570, 572.)

The certificate of incorporation in *Matter of Burkin (Katz) (supra)* required unanimous vote of all shareholders for share-

holder action; hence, the inherent power of shareholders to remove a faithless director could not be invoked where the shareholder-director voted against the resolution. In the instant case petitioner might be removed as a director for cause providing the certificate of incorporation and the by-laws place no limit upon such shareholder action contrary to the procedures exercised at the August 26, 1975 meeting at which petitioner was removed by the joint resolution of directors and shareholders. The certificate of incorporation and the by-laws are not included in the record on appeal; hence, an evaluation of their applicability to petitioner's removal cannot be made. The case should be remitted for further proceedings by way of motion or trial concerning the validity of petitioner's removal in light of the application of section 706 of the Business Corporation Law relating to removal of directors by shareholders and section 620 of the Business Corporation Law relating to an agreement among shareholders as to voting rights.

Petitioner's cause of action based upon the application of the shareholders' agreement to petitioner's removal from office may be treated as an action for specific performance pursuant to CPLR 103 (subd [c]) and the six-year limitation provided by CPLR 213 (subd 2) applies.

The order appealed from should be modified by affirming that portion which dismissed the petition to review the October 6, 1975 election of directors as barred by the four-month Statute of Limitations, and by reversing the dismissal of that portion of the petition which seeks to enforce the provisions of the shareholders' agreement requiring the retention of petitioner in office as a director by the other shareholders.

Moule, Cardamone, Simons and Goldman, JJ., concur.

Order unanimously modified in accordance with opinion by Marsh, P. J., and, as modified, affirmed, without costs.