■ In the Matter of URANIAN PHALANSTERY 1ST NEW YORK GNOSTIC LYCEUM TEMPLE. THOMAS DE VITA et al., Respondents, v AETHO REAB, Also Known as DOROTHEA TYLER, et al., Appellants.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered April 11, 1989, which granted a petition to set aside the February 19, 1985 and August 13, 1987 elections of church trustees and officers, and directed new elections pursuant to section 182 of the Religious Corporations Law, unanimously reversed, on the law and the facts, without costs, and the petition dismissed.

By order to show cause and petition dated August 24, 1988, petitioners, five of the original trustees and incorporators of the church, commenced this proceeding to declare null and void two elections of trustees and officers by church members conducted in February 1985 and August 1987. Petitioners claimed, first, that section 182 of the Religious Corporations Law requires that vacancies occurring in the church's board of trustees—in this case as a result of the death of one of the seven original trustees—"shall be supplied by the remaining trustees", and, second, that section 182-a of such law permits an increase in the number of trustees only upon amendment of the certificate of incorporation. Thus, petitioners claimed that since they had never been removed as trustees and no amendment to the certificate had been filed, the elections resulted in an improper increase in the number of trustees.

The order to show cause and petition named respondent Dorothea Tyler, an original trustee who was twice reelected, and respondent Gregory Knauer, a trustee elected on August 13, 1987. The other eight persons elected as trustees at either the February 1985 or August 1987 meetings were neither named nor served.

Section 2-b of the Religious Corporations Law makes non-conflicting provisions of the Not-For-Profit Corporation Law applicable to religious corporations. Thus, section 618 of the Not-For-Profit Corporation Law gives the Supreme Court authority to regulate the subject elections. That section, adopted

from section 619 of the Business Corporation Law, states: "Upon the petition of any member aggrieved by an election and upon notice to the person declared elected thereat, the corporation and such other persons as the court may direct, the supreme court * * * shall forthwith hear the proofs and allegations of the parties, and confirm the election, order a new election, or take such other action as justice may require."

CPLR 217, specifically determined to be applicable to proceedings commenced under the predecessor section to section 619 of the Business Corporation Law *(see, e.g., Matter of Hoe & Co.,* 14 Misc 2d 500 [Sup Ct, Bronx County 1954], *affd* 285 App Div 927 [1st Dept 1955], *affd* 309 NY 719 [1955]; *Matter of Springut v Don & Bob Rests.,* 57 AD2d 302 [4th Dept 1977]), provides in part: "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner".

Neither the motion court nor the petitioners has articulated any reasonable argument in favor of distinguishing between the application of the CPLR 217 Statute of Limitations to challenges to elections commenced pursuant to section 619 of the Business Corporation Law and those commenced pursuant to section 618 of the Not-For-Profit Corporation Law.

Moreover, petitioners admittedly have failed to comply with section 618 of the Not-For-Profit Corporation Law in that the statute explicitly requires service upon each of "the persons declared elected" at the contested elections. Concur—Murphy, P. J., Kupferman, Kassal, Wallach and Smith, JJ.