■ BOARD OF MANAGERS OF THE TOWNHOMES OF EAST-BROOKE CONDOMINIUMS ONE, TWO AND THREE, Appellant, v WILLIAM PADGETT et al., Respondents.—Order unanimously reversed on the law without costs, motion granted and judgment granted in accordance with the following Memorandum: Supreme Court should have granted plaintiffs' motion for summary judgment declaring that they are the duly elected and appointed Board of Managers for the Townhomes of Eastbrooke Condominiums One, Two and Three. Plaintiffs were not properly removed for cause as provided by the Bylaws of Eastbrooke Condominiums. The Bylaws provide for removal of the members of the Board of Managers for cause by an affirmative vote of the majority of the homeowners. Although the notice of meeting to the homeowners provided that the purpose of the meeting was to remove the current Board of Managers for cause, the ballots distributed called only for a vote for the election of new members of the Board. There was no vote taken on the removal of the current members to the Board. Before an officer may be removed for cause, "specific charges must be served, adequate notice must be given, and full opportunity of meeting the accusations must be afforded" *(Matter of Koch,* 257 NY 318, 322; *see also, Matter of Auer v Dressel,* 306 NY 427, 432). Even if the

election of new members of the Board of Managers may be construed as removal of the members of the Board, it was ineffective because plaintiffs were not given adequate notice of specific charges against them in order to afford them a full opportunity to meet those charges. Neither the notice of meeting nor the ballots circulated gave any notice of any specific charges against plaintiffs. Although the minutes of the meeting indicate that the presiding officer recited certain breaches of Bylaws by plaintiffs, no notice of those charges was served on plaintiffs before the meeting and plaintiffs had no opportunity to meet the charges before the homeowners voted. The ballots were circulated to the homeowners before the date of the meeting with a direction to return marked ballots "to the Eastbrooke office as soon as possible." Most of the ballots were returned to the office at least one week before the date of the meeting. Thus, even if plaintiffs were made aware at the meeting of specific charges against them, they had no opportunity to meet the charges in time to affect the votes, which had already been cast. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.