OPINION OF THE COURT
Edward H. Lehner, J.
The legal issue raised on the motion by plaintiff Dr. Albert Ellis for summary judgment, by which he seeks a declaration that his removal as a trustee of the Albert Ellis Institute was illegal, is whether the Board of Trustees of this not-for-profit corpora *535 tion could remove him as a trustee at a regular meeting of the Board without any prior notice of an intent to take such action.
By stipulation, the parties agreed to convert a prior special proceeding commenced by plaintiff into this plenary action and to subsequently argue, on a summary judgment basis, only the issue as to whether plaintiff was properly removed as a trustee (transcript, Dec. 2, 2005).[1]
Dr. Ellis formed the Institute in 1959 and served as its president until 2004. The Institute has no members and the Board is self-perpetuating, with the trustees periodically electing Board members. Dr. Ellis had last been elected a trustee in December 2004 for a three-year term. At a regularly scheduled Board meeting on September 18, 2005, six members thereof (other than Dr. Ellis) removed themselves from the meeting room and, after discussion, proceeded to vote to remove Dr. Ellis as a trustee, with five voting for removal and one member abstaining. No prior notice that such action would be considered by the Board had been given to the trustees.
The asserted reason given for removal was that Dr. Ellis, who is now 92 years of age, was receiving “excess benefits” from the Institute in the form of payments of his medical expenses. It is stated that in 2005 the Institute had revenues of approximately $1,500,000, but had paid out approximately $500,000 to various providers of medical services to Dr. Ellis (transcript at 26).[2] It was feared by the Board that such benefits might be deemed “excess” by the Internal Revenue Service, with the consequent loss of tax exempt status for the Institute, and penalties upon Board members (transcript at 24). However, it was acknowledged that the problems of excess benefits would be equally applicable if Dr. Ellis were not a trustee, but merely an employee of the Institute (transcript at 39-40). It is stated by defendants that Dr. Ellis remains employed by the Institute, receives his salary, and resides in an apartment at the Institute (affidavit of Rory Stuart sworn on Dec. 23, 2005). No specifics are set forth as to whether the Institute has a continuing obligation to continue to pay the medical expenses of Dr. Ellis.
Discussion
Section 3 of article II of the bylaws of the Institute provides:
*536 “Removal. Any Trustee may be removed at any time for cause by a vote of a majority of the entire Board at any special meeting of the Board called for that purpose, provided that at least one week’s notice of the proposed action shall have been given to the entire Board of Trustees then in office.”
Defendants maintain that this provision was inapplicable because removal was voted upon at a regular meeting and therefore no notice of the proposed action need have been given, arguing that if a trustee could only be removed at a special meeting, the bylaws would so provide.
Defendants further maintain that plaintiff is not entitled to summary judgment because he has not submitted proof in admissible form demonstrating that his removal was not warranted. However, the only issue raised by plaintiff on this motion is the right of the Board to remove him without prior notice to all of the trustees that the issue would be taken up at the meeting of September 18. Thus, whether removal was justified because of tax considerations is not an issue now before the court.
Pursuant to section 706 (a) of the Not-For-Profit Corporation Law, a director may be removed by a board for cause and, under section 711 (b), a “notice . . . need not specify the purpose of any regular or special meeting of the board, unless required by the by-laws.” Except as specified above with respect to a special meeting to remove a trustee, the bylaws of the Institute contain no requirement that the notice of any meeting, regular or special, contain an agenda of the issues to be considered.
From the foregoing, defendants take the disingenuous position that if the Board wished to remove plaintiff at a regular meeting, he would not be entitled to any notice of the proposed action and an opportunity to prepare a defense; but if removal were to be considered between regular meetings, then notice and such opportunity would exist.
Initially, the court observes that the bylaws do not specify the number of regular meetings the Board may hold each year (except that there must be at least three such meetings in addition to the annual meeting [art II, § 6]), and do not specify when meetings must be held. Special meetings may be called by the president of the Board or a majority of the trustees. Following defendants’ argument, a special meeting and the requirement of notice could be avoided at any time by the president calling a meeting and, since there are no dates when regular *537 meetings are to be held, simply designating it as a regular meeting and then acting on removal without the notice required for a special meeting.
Although neither party, nor the court, has found any case specifically dealing with the present issue under the N-PCL, cases decided involving corporations organized under other statutes have concluded that, absent a statutory provision to the contrary, there is a common-law right for a director whose removal is sought to have notice and an opportunity to defend against any wrongdoing asserted.
In Matter of Koch (257 NY 318 [1931]), involving the removal of members of a church’s board of trustees, it was said that it “is the general rule that, before an officer may be amoved, specific charges must be served, adequate notice must be given, and a full opportunity of meeting the accusations must be afforded” (at 322; accord Matter of Auer v Dressel, 306 NY 427, 432 [1954]; Board of Mgrs. of Townhomes of Eastbrooke Condominiums One, Two & Three v Padgett, 185 AD2d 650 [4th Dept 1992]). In Brevetti v Tzougros (42 Misc 2d 171 [Sup Ct, Queens County 1964]), involving the attempted removal of a director of a parents club, the court wrote that the “dismissal, accomplished without notice of any kind or the right of confrontation, is offensive and contrary to our fundamental processes of democratic and legal procedure, fair play and the spirit of the law” (at 172). Similar statements were made in Ming v Simpkins (59 Misc 2d 853 [Sup Ct, Queens County 1968]) and Matter of Teperman v Atcos Baths (4 Misc 2d 738 [Sup Ct, Queens County 1956]).
Ironically, a summary of the foregoing principles is set forth in a text coauthored by Daniel Kurtz, a member of a firm representing defendants herein. There, in Bjorklund, Fishman and Kurtz, New York Nonprofit Law and Practice: With Tax Analysis, the authors wrote (at 351):
“In order for the bylaws to meet the due process standard, they should provide for adequate notice of charges prior to a hearing on those charges, a hearing at which the charges are presented in detail with supporting documentation and at which the director whose removal is sought has an opportunity for rebuttal, including the presentation of witnesses and cross-examination of witnesses. The director should also have the opportunity to obtain counsel.”
Here, although not specified as wrongdoing, the removal of plaintiff is, in essence, based on cause grounded on the excess *538 medical benefits received by him, but, as aforesaid, defendants have set forth no basis why the Board could not discontinue such benefits, nor do they assert that the benefits paid on his behalf were not previously approved by the Board.
Based on the foregoing total lack of notice and opportunity to defend against the basis for removal, plaintiffs motion for summary judgment is granted and it is declared that his removal from the Board of the Institute was invalid.
As a final argument, defendants assert that “to nullify the Board resolution is futile . . . [as] the Board would still be obligated to, and a majority of the Board will vote, if necessary, to remove Ellis again” (defendants’ mem of law, Dec. 9, 2005, at 20). In this connection, the court at oral argument on December 16, 2005 suggested that defendants could moot the whole case regarding notice by calling a special meeting of the Board to reconsider the removal issue. This they apparently have not done.

. This stipulation avoided the need for a resolution as to whether the special proceeding was properly commenced pursuant to section 618 of the Not-For-Profit Corporation Law.

. Unless otherwise specified, the transcript references refer to the argument held on December 16, 2005.